USCA1 Opinion

 

  UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 96-2173 SUNVIEW CONDOMINIUM ASSOCIATION, ET AL., Plaintiffs, Appellants, v. FLEXEL INTERNATIONAL, LTD., Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Paul J. Barbadoro, U.S. District Judge] ___________________ [Hon. James R. Muirhead, U.S. Magistrate Judge] _____________________ _________________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ _________________________ Christopher J. Sorenson, with whom Gary J. Gordon, Katherine _______________________ ______________ _________ A. Killen Hall, Fetterly & Gordon, P.A., John L. Putnam, and _______________ ________________________ _______________ Stebbins, Bradley, Wood & Harvey were on brief, for appellants. ________________________________ Mark G. DeGiacomo, with whom M. Carolina Avellaneda and __________________ _______________________ Roche, Carens & DeGiacomo, P.C. were on brief, for appellee. _______________________________ _________________________ June 27, 1997 _________________________ SELYA, Circuit Judge. In this appeal, the plaintiffs SELYA, Circuit Judge. ______________ make two related arguments. First, they contend that they were improperly precluded from undertaking jurisdictional discovery. Second, they assert that this initial error was compounded when the district court subsequently dismissed their action for want of jurisdiction over the corporate person of defendant-appellee Flexel International, Ltd. (Flexel).1 Discerning no reversible error, we affirm. I. BACKGROUND I. BACKGROUND The Sunview Condominium Complex is located amidst the serene pastoral beauty of Derry, New Hampshire. On December 17, 1993, that tranquility went up in smoke, literally and figuratively, when a conflagration erupted at the complex. Those flames, in turn, ignited the controversy which underlies this appeal. Alleging that radiant heating panels manufactured by Flexel's predecessor in interest, Thermaflex International, Ltd. (Thermaflex), had caused the blaze, the Sunview Condominium Association and its management company, Evergreen Management, Inc. (collectively, Sunview), brought this product liability class action to recover damages.2  ____________________ 1The plaintiffs originally sued both Flexel and Aztech International, Ltd. (Aztech). Aztech is now in bankruptcy, and the district court certified its order dismissing the action against Flexel as a final judgment under Fed. R. Civ. P. 54(b). Thus, we treat the appeal as if Flexel were the sole defendant. 2Sunview alleges that Thermaflex (the actual manufacturer of the heating panels) transferred its assets to Flexel in mid-1993. For the purpose of resolving the jurisdictional issue, the lower court assumed arguendo that Flexel, a Scottish corporation, is ________ the successor in interest to Thermaflex, an English firm. We, 2 The relevant chronology is as follows. Sunview commenced its suit in August 1995. In February 1996, Flexel moved to dismiss for want of personal jurisdiction. Without having undertaken any other discovery, Sunview sought to take depositions of Flexel officials in Scotland. When Flexel turned a cold shoulder, Sunview moved to compel it to cooperate in the taking of the desired depositions. Magistrate Judge Muirhead denied Sunview's motion. See Sunview Condo. Ass'n v. Aztech ___ _____________________ ______ Int'l, Ltd., Civ. No. 95-418-B, slip op. at 2-6 (D.N.H. May 1, ___________ 1996). Sunview did not lodge an objection to the magistrate's ruling. On May 28, 1996, it filed an opposition to the dismissal motion. On September 3, the district court, finding an absence of minimum contacts, granted the motion to dismiss. This appeal ensued. II. ANALYSIS II. ANALYSIS Although Sunview's two claims of error are interconnected, a separate set of legal principles applies in each instance. Consequently, we treat the two claims sequentially. A. Denial of Jurisdictional Discovery. A. Denial of Jurisdictional Discovery. __________________________________ Sunview argues heatedly that it should have been permitted to engage in jurisdictional discovery. This asseveration has some superficial appeal. After all, a diligent plaintiff who sues an out-of-state corporation and who makes out  ____________________ too, proceed on that assumption. 3 a colorable case for the existence of in personam jurisdiction __ ________ may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense.3 See ___ Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1086 _______________ ______________________ (1st Cir. 1973); Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, _________ ___________________ 255-56 (1st Cir. 1966) (per curiam). But that entitlement is not absolute; in all events, it presupposes that the plaintiff is reasonably attentive to the preservation of its rights. That is not the situation here. When Sunview could not convince Magistrate Judge Muirhead to approve the depositions that it wished to take, it dropped the matter. Specifically, it eschewed the filing of a timely objection to the magistrate's order denying its motion to compel discovery. This omission is fatal to Sunview's first assignment of error. We explain briefly. Since the motion to compel discovery involved a nondispositive matter, the magistrate's order was effective when made, and it was therefore immediately appealable to the district court. See 28 U.S.C. 636(b)(1)(A). To receive such review, a ___  ____________________ 3This rule has its limitations. See, e.g., Compagnie De ___ ____ _____________ Bauxites De Guinee v. L'Union Atlantique S.A., 723 F.2d 357, 362 ___________________ _______________________ (3d Cir. 1983) (indicating that discovery may be disallowed if the assertion of jurisdiction appears frivolous). Moreover, even when the rule applies, the plaintiff is not necessarily entitled to take depositions. Here, Sunview never attempted to learn jurisdictional facts through interrogatories or demands for document production, see Fed. R. Civ. P. 33, 34, and we have no ___ way to tell either how effective these less intrusive devices may have been or to what extent Flexel would have sought protection from them (and if so, whether the magistrate would have permitted their use). 4 party must file objections within ten days from service of a copy of the order. See Fed. R. Civ. P. 72(a). Unless an objection is ___ filed within this window of opportunity, a magistrate's order on a nondispositive matter, such as a self-operating order granting, denying, or limiting pretrial discovery, is not thereafter reviewable on appeal. See Pagano v. Frank, 983 F.2d 343, 346 ___ ______ _____ (1st Cir. 1993); see also Keating v. Secretary of HHS, 848 F.2d ___ ____ _______ ________________ 271, 275 (1st Cir. 1988) (per curiam) (explicating same rule in respect to a party's failure to file timeous objections to a magistrate's recommended disposition of a dispositive motion). The Civil Rules are quite explicit on this point: Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. Fed. R. Civ. P. 72(a); see also 28 U.S.C. 636(b)(1)(A) ___ ____ (empowering the district court to reconsider and set aside a magistrate's order on a nondispositive matter when the order is clearly erroneous or contrary to law). This court has applied the plain directive of Rule 72(a) straightforwardly and in accordance with its tenor. See ___ Pagano, 983 F.2d at 346; Unauthorized Practice of Law Comm. v. ______ ___________________________________ Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992) (per curiam); see also ______ ___ ____ United States v. Ecker, 923 F.2d 7, 9 (1st Cir. 1991) (per _____________ _____ curiam) (citing 28 U.S.C. 636(b)(1)(A)). These cases stand unambiguously for the proposition that, in order to receive review of a magistrate's order on a nondispositive matter in a 5 court of appeals, the aggrieved party first must have sought district court review by timely filing an objection to the order. The instant case presents no occasion for a departure from this salutary proposition. Because Sunview never sought to have the district court review the magistrate's ruling, the issue of jurisdictional discovery is by the boards and Sunview cannot resurrect it in this venue. B. Dismissal for Want of Jurisdiction. B. Dismissal for Want of Jurisdiction. __________________________________ Sunview argued below, as it does here, that Thermaflex, Flexel's predecessor in interest, see supra note 2, purposefully ___ _____ availed itself of the privilege of doing business in New Hampshire, and therefore subjected itself (and Flexel, as its successor) to suits in New Hampshire arising out of its New Hampshire-directed activities. Judge Barbadoro rejected this thesis, holding, after an exhaustive review of the record, that Sunview had pointed to "insufficient contact[s] to establish Thermaflex's purposeful availment of New Hampshire as a place to do business." Sunview Condo. Ass'n v. Aztech Int'l, Ltd., Civ. _____________________ ___________________ No. 95-418-B, slip op. at 10 (D.N.H. Sept. 3, 1996). Sunview assigns error to this order.4 We see none. To wax longiloquent would serve no useful purpose. We have stated before, and today reaffirm, that "when a lower court produces a comprehensive, well-reasoned decision, an appellate  ____________________ 4Because Sunview never raised the discovery issue before Judge Barbadoro, see supra Part II(A), we pay no heed to its vain ___ _____ attempt to attack the judge's order on the basis of curtailed discovery. 6 court should refrain from writing at length to no other end than to hear its own words resonate." Lawton v. State Mut. Life ______ ________________ Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996); accord In __________________ ______ __ re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st __________________________________________ Cir. 1993). That principle is dispositive here. Judge Barbadoro's rescript cites the relevant case law, see, e.g., ___ ____ Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995); Foster-Miller, ________ _______ ______________ Inc. v. Babcock & Wilcox Canada, 46 F.3d 138 (1st Cir. 1995); ____ ________________________ Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201 (1st Cir. 1994); _______________________ ______ Boit v. Gar-Tech Prods., Inc., 967 F.2d 671 (1st Cir. 1992), ____ ______________________ applies the legal principles derived therefrom to the documented facts in an impeccable manner, and reaches an unarguably correct conclusion. Hence, we dispense with this aspect of Sunview's appeal for substantially the reasons elucidated in the lower court's opinion. We need go no further. Given Sunview's procedural default on the discovery front and the paucity of its proffer on the merits of the jurisdictional issue, the judgment below must be Affirmed. Affirmed. ________ 7