**Mario ALEGRE, et al., Plaintiffs,**

v.

**SCHERING PLOUGH DEL CARIBE INC., Defendant.**

**Civil No. 95–2442(SEC).**

United States District Court, D. Puerto Rico.

Aug. 7, 1997.

---

Antonio Moreda–Toledo, Moreda & Moreda, San Juan, PR, for Plaintiffs.

Luis F. Antonetti–Zequeira, Goldman, Antonetti & Cordova, San Juan, PR, for Defendant.

### OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on a motion for summary judgment filed by defendant, Schering Plough Del Caribe, Inc. ("Schering") **(Docket # 12)**, which was duly opposed **(Docket # 20)**. Schering contends that Mario Alegre's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1988), should be dismissed on the ground that he was terminated from his employment, not because of his age, but rather, because the company experienced a dramatic reduction in sales which forced it to substantially reorganize its personnel policy. Schering further maintains that plaintiff failed to establish a *prima facie* case of discrimination because no individual substituted Alegre in his position. Plaintiff counters this assertion by claiming that there is a genuine issue of material fact as to this matter, and that the moving party is therefore, not entitled to judgment as a matter of law. Upon careful examination of the relevant facts, the applicable law and the parties' arguments, the Court finds that the defendant's motion should be **GRANTED.**

### Summary Judgment Standard

The First Circuit has recently noted that:

[s]ummary judgment has a special niche in civil litigation. Its role is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' *Wynne v. Tufts University School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources.

*McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995). According to Fed.R.Civ.P. 56(c), summary judgment should issue whenever "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also NASCO, Inc. v. Public Storage, Inc.,* 29 F.3d 28 (1st Cir.1994). It is not enough to conjure up an alleged factual dispute between the parties; to defeat summary judgment, there must exist a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

For a dispute to be "genuine", there must be sufficient evidence for a reasonable trier of facts to resolve the issue in favor of the non-moving party. *U.S. v. One Parcel of Real Property,* 960 F.2d 200 (1st Cir.1992). *See also, Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir.1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994).

In determining whether to grant a summary judgment, the Court may not, however, weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994) Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id. citing Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d. 932, 936 (1st Cir.1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines,* 42 F.3d at 684.

In ADEA cases, once a defendant files a motion for summary judgment, the issue before the Court turns " 'not [on] whether [the plaintiff] was in fact fired because of his age, which remains to be determined at trial, but [on] whether [the question of whether he] was fired because of his age, is genuinely contestable'." *Maldonado–Maldonado v. Pantasia Mfg. Corp.,* 956 F.Supp. 73 (D.P.R.1997), *quoting Shager v. Upjohn Co.,* 913 F.2d 398, 403 (7th Cir.1990).

Given the foregoing, we must examine the facts, as presented by the parties, to determine whether there is any genuine issue of material fact involved.

**Factual Background**

Plaintiff Mario Alegre ("Alegre") began working with Schering Plough Del Caribe, Inc. ("Schering") as a salesman on January of 1973, at the age of thirty-two (32). Throughout the years, he was promoted to supervisory and managerial positions, until he became the health care sales manager for Schering's over-the-counter and consumer products.

On or about January of 1995, Schering appointed Rafael Mercadé as general manager. Shortly thereafter, Mr. Mercadé informed Alegre that his position had been vacated and that he would be terminated from his employment. Alegre asked to be assigned to other lower level positions which he had previously held and which were available, and even expressed willingness to accept a reduced compensation. Nevertheless, Schering's management stood by its original decision. At the time of his termination Alegre was fifty-three (53) years old. His duties as health care sales manager were allegedly assigned to substantially younger employees with less experience. On November 28, 1995, plaintiff filed the instant age discrimination complaint.

**Applicable Law**

The Age Discrimination in Employment Act ("ADEA") provides that "it shall be unlawful for an employer ... to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1). The First Circuit has established that plaintiffs in ADEA discrimination lawsuits "bear the ultimate burden of proving that their ages were the determinative factor in their discharge, 'that is, that [they] would not have been fired but for [their] age.'" *Pages–Cahue v. Iberia Lineas Aéreas de España,* 82 F.3d 533, 536 (1st Cir.1996), *citing LeBlanc v. Great American Insurance,* 6 F.3d 836, 841 (1st Cir. 1993). In some cases, plaintiff will have enough direct or "smoking gun" evidence to establish such discrimination without more. Most likely, however, plaintiff will possess little overt evidence of discrimination, and will have to rely on the much utilized burden-shifting standard enunciated in *McDonnell Douglas v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973). *Pages–Cahue,* 82 F.3d at 536. *See also Serrano–Cruz v. DFI Puerto Rico,* 109 F.3d 23 (1st Cir.1997).

Under the standard first set forth in *McDonnell Douglas,* and later adapted to cases filed under the ADEA, plaintiff may establish a *prima facie* case by showing "(1) that he or she fell within the ADEA's protected age group—that is, more than forty years of age; (2) that he or she met [the employer's] legitimate performance expectations; (3) that he or she experienced [an] adverse employment action; and (4) that [the employer] did not treat age neutrally or retained younger persons in the same position." *Pages–Cahue,* 82 F.3d at 536.

The First Circuit has established that evidence of an employee's long history at the employer's business, and his or her

rise from a low-level to a managerial position, are sufficient to support an inference that the employee's job performance was adequate to meet an employer's needs, even when the evidence did not extend all the way to the time of his discharge. *Mulero–Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 673 (1st Cir.1996). Moreover, as to the fourth requirement, the United States Supreme Court has recently established that a plaintiff does not have to be replaced by someone outside of the protected class in order to make a prima facie case of discrimination. "The fact that one person in the protected class has lost out to another person in the protected class is ... irrelevant, so long as he has lost out because of his age." *O'Connor v. Consolidated Coin Caterers Corp.*, —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996). Since the ADEA "prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than the fact that the plaintiff was replaced by someone outside the protected class." *Id.*

As the foregoing case law illustrates, courts have generally interpreted this prima facie showing quite liberally in plaintiff's favor. Once a plaintiff satisfies this prima facie requirement, he establishes a presumption that his employer violated the ADEA. *Mulero–Rodriguez*, 98 F.3d at 673. This is, however, a rebuttable presumption, and the "burden of persuasion, as opposed to the burden of production", will lie on plaintiff all throughout the proceedings. *Serrano–Cruz*, 109 F.3d at 26.

It is not altogether difficult for a defendant to rebut the preceding presumption. To do so, an employer need only "articulate a legitimate nondiscriminatory reason for the employee's termination." *LeBlanc*, 6 F.3d at 842. Once the employer complies with this requirement, "the *McDonnell Douglas* presumption 'drops out of the picture'." *Id.*, quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510–11, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993). *See also Pages–Cahue*, 82 F.3d at 536. The fact that the presumption "drops out of the picture" merely means that plaintiff once again has the burden of

demonstrating that the employer's allegedly legitimate reason for terminating her was only a pretext, and that its decision was actually motivated by a discriminatory animus. *Pages–Cahue*, 82 F.3d at 536. *See also Maldonado–Maldonado*, 956 F.Supp. at 77. It is at this juncture that most of the ADEA cases which do not withstand summary judgment are decided.

▮ To prevail at this stage, a plaintiff must proffer sufficient direct or circumstantial evidence to lead a reasonable fact finder to conclude that the employer's decision was motivated by age animus. *Pages–Cahue*, 82 F.3d at 537. This is not always an easy task. Thus, in *Pages–Cahue*, the Court rejected plaintiffs' arguments that anti-age animus could be inferred from the fact that the employees were not offered alternative employment opportunities; it held that such a finding would require the court to encroach too far into areas which should be left to the company's legitimate management. *Id.* at 538.

The determination of what constitutes enough evidence of pretext and/or discriminatory animus is generally made on a case-by-case basis. Yet most courts seem to agree that, at least in the absence of "smoking gun" evidence, more than one vague instance of discrimination is required. In *Mulero–Rodriguez*, 98 F.3d at 674, for instance, the First Circuit reversed a district court's finding that plaintiff's evidence merely reflected differences of opinion between plaintiff and defendant and, reading all inferences in plaintiff's favor, found that the record offered sufficient evidence of discriminatory animus. But in that case, plaintiff had proffered evidence of defendant's comments that "he was too old to handle the salespeople," and that he was going to be relieved of his supervisory duties over the sales force. Although the Circuit Court agreed that standing alone, that statement was too remote to be linked with the decision to terminate plaintiff, it concluded that plaintiff had succeeded in creating a nexus between that statement and the decision to terminate him. In doing so, the Court made reference to *Conway v. Electro Switch Corp.*, 825 F.2d 593, 597–98 (1st Cir.1987), where the First

Circuit held that "an employer's willingness to consider impermissible factors such as ... age ... while engaging in one set of presumably neutral employment decisions ... might tend to support an inference that such impermissible considerations may have entered into another area of ostensibly neutral employment decisions—here, an employee's termination." *Mulero–Rodriguez*, 98 F.3d at 676.

Similarly, in *Maldonado–Maldonado*, 956 F.Supp. at 77, plaintiff furnished the Court with a number of affidavits sworn by present and former employees which uniformly indicated that plaintiff's boss had stated on various occasions that he was planning to "get rid of older employees to create a new team consonant with his ways." *Id.* at 79. Plaintiff also provided evidence that defendant had provided inconsistent explanations for his discharge. The district court thus decided that, given these facts, a reasonable jury could find that defendant's stated reason for dismissing plaintiff was pretextual, and that a discriminatory animus did exist.

In *Irizarry v. Fortuña*, 1997 WL 266981 (S.D.N.Y.1997), however, the district court stated that the fact that the defendant was known as "the Terminator" in his last job and regarded his mission as the "rejuvenation" and "reinvigoration" of the agency was insufficient in and of itself to infer a discriminatory animus. "Such isolated and ambiguous remarks", it held, "are simply insufficient to establish an inference of age discrimination." *Id., citing Beers v. NYNEX Material Enterprises Co.*, 1992 WL 8299, at \*9, 1992 U.S.Dist. LEXIS 240, at \*9 (S.D.N.Y.1992).

In the end, ADEA cases are usually decided on the basis of whether the plaintiff manages to comply with the standard for defeating summary judgment. As the *Irizarry* case suggests, courts will most probably not accept mere "gauzy generalities, unsupported conclusions, subjective characterizations and problematic suppositions" as a foundation to an opposition for summary judgment. *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989). A plaintiff will be required to provide "specific instances of unlawful discrimination." *Id.*

**Application of Law to Facts**

Plaintiff asserts that Schering's general manager, Mr. Mercadé, made several comments about plaintiff's age and about older people in general which were discriminatory in nature and which constitute direct evidence against defendant. He proffers, for instance, an affidavit signed by Ms. Adela Torruella, Schering's human resources manager at the time, where she states that she had "expressed [her] concern about Mr. Mercadé's age discriminatory commentaries against older employees to [her] superiors ..." and that Mr. Mercadé had once told her that "this company [was] too old, ha[d] too many old people and ha[d] to be rejuvenated." [1] He also proffers her deposition testimony, where she states that Mr. Mercadé was the sole person responsible for eliminating Alegre's position. Plaintiff further contends that Mr. Mercadé once told him: "hey, grandfather, your hair is very black, you can't see one gray hair." [2]

The First Circuit has yet to define what exactly constitutes direct evidence of discrimination sufficient to make the application of the *McDonnell Douglas* burden shifting framework inapposite. *See, e.g., Speen v. Crown Clothing Corp.*, 102 F.3d 625, 636 (1st Cir.1996). Other circuits have nevertheless, openly addressed this question. In *Bodenheimer v. PPG Industries Inc.*, 5 F.3d 955 (5th Cir.1993), for example, the Fifth Circuit held that "direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e. unlawful discrimination) without any inferences or presumptions." *Id.* at 958. The Eleventh Circuit also applied this standard in *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir.1997). The Seventh Circuit has, on the other hand, defined direct evidence as "evidence that one can interpret as an acknowledgment of the employer's discriminatory intent." *Rothman v. Emory University*, 123 F.3d 446 (7th Cir. 1997). Regardless of which standard seems more appropriate to the instant case, the truth is that plaintiff has failed to adequately

---

1. Docket # 20, Exhibit C.

2. Docket # 20, Exhibit F.

link Mr. Mercadé's comments to his decision to terminate plaintiff. Given the foregoing, it seems more prudent to apply the *McDonnell Douglas* burden-shifting standard to the instant controversy.

 Defendant concedes that Alegre has established the first three elements of the *McDonnell Douglas prima facie* showing. Nevertheless, it argues that Alegre has failed to establish the fourth prong of the prima facie test, namely, that Schering did not treat age neutrally and/or that Alegre's job responsibilities were assumed by a younger person. Defendants note that Schering did not hire a replacement for Alegre. This fact is not, however, determinative. *See, e.g., Keisling v. SER–Jobs for Progress, Inc.,* 19 F.3d 755, 760 (1st Cir.1994). As stated previously, plaintiff is not required to establish that he was replaced by an individual younger than himself, or by someone outside the protected class. *LeBlanc v. Great American Ins. Co.,* 6 F.3d 836, 842 (1st Cir.1993); *see also Hebert v. Mohawk Rubber Co.,* 872 F.2d 1104, 1110 (1st Cir.1989). For purposes of the *prima facie* showing, "[i]t is enough for plaintiff to show that the employer sought some form of replacement performance ..." *Kale v. Combined Ins. Co. of America,* 861 F.2d 746, 760 (1st Cir.1988).

Plaintiff maintains that Mr. Rafael Rivera—a former supervisor of his—and Ms. Marie Caballero—a former subordinate—assumed his duties after his discharge. In support of this contention, he has proffered affidavits of Schering employees which illustrate that although Mr. Mercadé eliminated plaintiff's position, he distributed plaintiff's former duties among Mr. Rivera and Ms. Caballero. This evidence is sufficient to show, for the purpose of establishing a *prima facie* case, that Schering had a "continued need for the same services and skills." *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1013 (1st Cir.1979), *Cumpiano v. Banco Santander Puerto Rico,* 902 F.2d 148, 153 (1st Cir.1990).

 The next step in the *McDonnell Douglas* test requires the defendant to rebut the *prima facie* presumption of discrimination by articulating a legitimate, non-discriminatory reason for the employee's termination. *Pages–Cahue,* 82 F.3d at 536.

Schering maintains that it was forced to reduce its workforce as a result of a drastic decrease in sales, which was motivated by the elimination of a situation known as product diversion that had inflated the total amount of sales attributed to Schering's Puerto Rico operations. Under this product diversion scheme, Schering products sold in Puerto Rico at a discount were purchased in large quantities and sold in the United States market in direct competition with Schering's operation in the mainland. When Schering's top management decided to identify those products which were sold in Puerto Rico, its Puerto Rico operations were forced to put an end to this scheme. Once the product diversion stopped, Schering's sales in Puerto Rico decreased dramatically, forcing its management to reduce its personnel and reorganize its sales operations.

██ The foregoing evidence sufficiently demonstrates a non-discriminatory reason for plaintiff's termination under *McDonnell Douglas.* Thus, the burden is again, upon plaintiff to demonstrate that the reason proffered by Schering constitutes a mere pretext for unlawful age discrimination. *LeBlanc,* 6 F.3d at 842.

As stated previously, plaintiff bears the ultimate burden of proving that his age was the determining factor in his discharge, "that is, that he would not have been fired but for his age." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 823 (1st Cir.1991) (quoting, *Freeman v. Package Machinery Co.,* 865 F.2d 1331, 1335 (1st Cir.1988)). In *Goldman v. First National Bank of Boston,* 985 F.2d 1113 (1st Cir.1993), the First Circuit held that "a plaintiff must do more than cast doubt on the employer's justification for the challenged action; there must be a sufficient showing that discriminatory animus motivated the action." *Id.* at 1117; *see also Le-Blanc,* 6 F.3d at 842. For plaintiff to prevail, then, the totality of the circumstances must create a reasonable inference that Schering's proffered reasons were a mere pretext for unlawful age discrimination. *Connell v. Bank of Boston,* 924 F.2d 1169, 1175 (1st Cir.1991).

The evidence proffered by plaintiff in the instant case does not allow us to create a reasonable inference that Alegre's discharge was age motivated. It is undisputed that Schering's sales substantially decreased as a result of the elimination of its diversion policy. Thus, its decision to reorganize its operations was facially valid. The foregoing is further legitimized by the fact that plaintiff was not the only employee who was terminated; seven others were terminated as well; and of those, five were in their thirties. Mr. Mercadé himself was fifty-three years old. Moreover, even Ms. Torruella, plaintiff's key witness, acknowledged that Mr. Mercadé had previously informed her that one of the managerial sales positions would have to be eliminated; and that he was merely undecided as to whether to terminate Mr. Rivera (another fifty-three year-old employee with more seniority than plaintiff) or Alegre. In fact, when asked whether, in her opinion, the reorganization which took place at Schering was motivated by a desire to dismiss older employees, Ms. Torruella answered "no".[3] Mr. Mercadé's decision-making power was, after all, limited to deciding which one of these two employees would have to be dismissed; he finally decided to release Alegre because of Rivera's seniority over him.

We are also unpersuaded by plaintiff's contention that further evidence of Schering's intentions lies in the fact that he was replaced by a younger employee, Ms. Marie Caballero. Plaintiff's evidence itself demonstrates that he was not really replaced by Ms. Caballero. In her deposition testimony, Ms. Torruella admits that shortly after Alegre's dismissal, Ms. Caballero occupied a managerial position of lower rank than that which plaintiff had held. The First Circuit has established that a discharged employee "is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." LeBlanc, 6 F.3d at 846 (quoting Barnes v. GenCorp, Inc., 896 F.2d 1457 (6th Cir.1990)) From the foregoing depositions, it follows that although Ms. Caballero assumed most of the responsibilities of the sales manager position, Mr. Rivera, Alegre's former supervisor, made the final decisions. Ms. Caballero did not have the same responsibilities as Alegre; she merely shared some of these responsibilities with Mr. Rivera.

Furthermore, as stated previously, the First Circuit has clearly established that age discrimination cannot be inferred from the fact that an employee was denied a position of lower rank, as happened in the instant case. "[S]uch a finding would require the court to encroach too far into areas which should be left to the company's legitimate management." Pages–Cahue, 82 F.3d at 538 See also Id. at 539 ("employers conducting a reduction in force face no obligation to offer 'lower echelon, poorer paying jobs in the restructured enterprise' to all older employees." (citing Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir.1982))).

Finally, as to Mr. Mercadé's alleged discriminatory remarks, we agree with defendant's contention that there is simply no causal connection between what he told both plaintiff and Ms. Torruella, and his decision to terminate Alegre. It is uncontested that various workers, and not just Mr. Mercadé, called plaintiff "abuelo" (grandfather) because he had a five year-old son. Although it apparently bothered plaintiff, even he admitted that he made no formal complaints within the company regarding his being referred-to as "abuelo".[4] Plaintiff has thus, failed to demonstrate that the stray remarks which Mr. Mercadé allegedly uttered were in any way related to his decision to terminate Alegre. As the First Circuit held in Conway v. Electro Switch Corp., 825 F.2d 593 (1st Cir. 1987), only when impermissible factors such as age are taken into consideration when making the decision to terminate an employee, will courts infer that a discriminatory animus existed. In the instant case, if age was taken into consideration at all, it was only for the purpose of determining who had more seniority within the company and thus had a greater edge over the other employee. Cf. Mulero–Rodríguez, 98 F.3d at 674, where

3. Docket # 22, Exhibit B.

4. Docket # 22, Exhibit D.

plaintiff proffered evidence that defendant had specifically stated that he was going to be relieved of his supervisory duties over the sales force because he was too old to handle the salespeople.

In sum, upon careful examination of the relevant facts and the evidence which was proffered by both parties, the Court believes that plaintiff failed to demonstrate that Schering more likely than not fired Alegre because of his age. Even if Mr. Mercadé's comments were biased against older people, his actions did not demonstrate that his alleged bias was determinative in his decision to terminate Alegre. Rather, most of the evidence seems to corroborate that defendant's decision was entirely business-related. Based on the foregoing, defendant's motion for summary judgment (**Docket # 12**) is hereby **GRANTED.** Judgment shall issue accordingly.

**SO ORDERED.**