USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE
 CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit
 

No. 97-2080

 MARIO ALEGRE, ANA FUENTES, 
 CONJUGAL PARTNERSHIP ALEGRE-FUENTES,
 
 Plaintiffs, Appellants,
 
 v.
 
 SCHERING PLOUGH DEL CARIBE, INC.,
 
 Defendant, Appellee.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT
 
 FOR THE DISTRICT OF PUERTO RICO
 
 [Hon. Salvador E. Casellas, U.S. District Judge]
 

 Before
 
 Selya, Circuit Judge,
 Stahl, Circuit Judge,
 and Fuste,* U.S. District Judge.
 
 

 Antonio Moreda-Toledo with whom Moreda & Moreda, Fernandez
Collins & Rivero-Vergne, and Jose Luis Rivero-Vergne, were on
brief, for appellants.
 Luis F. Antonetti-Zequeira, with whom Aida Barrios-
Castellanos, and Goldman Antonetti & Cordova, were on brief, for
appellee.
 

MAY 22, 1998

_____________________
*Of the District of Puerto Rico, sitting by designation. Per curiam. Plaintiffs-appellants Mario Alegre and Ana
Fuentes (individually and as a conjugal partnership) appeal from
the district court's grant of summary judgment against them and in
favor of defendant-appellee Schering Plough Del Caribe, Inc., on
claims of age discrimination brought under federal and Commonwealth
law. The district court explained its ruling in a comprehensive
and cogently reasoned decision, see 975 F. Supp. 153 (D. P.R.
1997), and our review of the record persuades us that a second,
full-blown opinion would serve no useful purpose, see, e.g.,
Sunview Condominium Assoc. v. Flexel Int'l, Ltd., 116 F.3d 962, 965
(1st Cir. 1997). We therefore affirm the judgment largely on the
basis of the lower court opinion, adding a few comments and
modifying the judgment in one respect.
 1. Plaintiffs strive to convince us that the lower court
erred in concluding that plaintiff Alegre was not "replaced" by the
younger Marie Caballero because some of Alegre's job duties also
were assumed by Rafael Rivera. In support of this argument,
plaintiffs point to evidence which can be taken to demonstrate that
Ms. Caballero, and Ms. Caballero alone, assumed Alegre's duties. 
Be that as it may, plaintiffs overlook the fact that before the
reduction-in-force (RIF) which resulted in the elimination of
Alegre's position, there had been three persons performing the
duties of the Health Care Sales Manager (Alegre's position),
Business Development Manager (Rivera's position), and Product
Manager (Caballero's position). Yet after the RIF, there were only
two persons performing the duties previously associated with these
three positions. Thus, regardless of how Alegre's former duties
were reallocated after the RIF, the lower court correctly concluded
that there was no trialworthy issue as to whether Alegre was, in
fact, replaced. See LeBlanc v. Great American Ins. Co., 6 F.3d
836, 846 (1st Cir. 1993) ("A discharged employee is not replaced
when another employee is assigned to perform the plaintiff's duties
in addition to other duties, or when the work is redistributed
among other existing employees already performing related work.")
(citation and internal quotation marks omitted).
 2. Having failed to demonstrate a trialworthy issue as
to whether Alegre was replaced, and thereby having failed to
establish as possibly pretextual Schering's assertion that Alegre's
position was eliminated as part of an economically-driven RIF,
plaintiffs were required to establish a genuine issue of material
fact as to whether Schering failed treat age neutrally in
implementing the RIF. See Pages-Cahue v. Iberia Lineas Aereas
Espana, 82 F.3d 533, 536 (1st Cir. 1996) (describing the prima
facie burden facing age discrimination plaintiffs who challenge
employment actions taken pursuant to a true RIF). Plaintiffs did
adduce evidence that awareness of the possibility of a lawsuit
might have prompted Schering not to change Ms. Caballero's title
when she assumed duties and responsibilities that had been Alegre's
prior to the RIF; that the decisionmaker, Roberto Mercade, had made
comments strongly suggestive of an interest in purging Schering of
older employees; that the decision to terminate Alegre was
Mercade's and Mercade's alone; and that Schering refused Alegre's
post-termination request that he be retained in a lesser position
at reduced compensation. Nonetheless, plaintiffs adduced no
evidence to counter Schering's proffer that, because of the
economics of the situation, either Alegre or Rivera (who is the
same age as Alegre) had to go, and that Rivera was retained because
he had more expansive duties and responsibilities, as well as
greater seniority, than did Alegre. Absent such evidence, no
rational factfinder could conclude that Alegre's age prompted the
decision that is the subject of this lawsuit the elimination of
Alegre's position pursuant to the RIF.
 3. As we stated at the outset, in addition to their
federal claim, plaintiffs brought supplemental (yet not legally
parallel) Commonwealth law claims pursuant to 28 U.S.C. 1367(a). 
Schering's motion for summary judgment did not seek a judgment on
the merits of these claims; nor did the district court make
reference to them in its opinion. Nonetheless, the judgment in
this case states that plaintiffs' complaint is dismissed "with
prejudice." As Schering effectively concedes in its appellate
brief, no intention to dismiss the Commonwealth law claims with
prejudice can be inferred from this record. Rather, it is clear
that, having dismissed the federal claim relatively early in the
proceedings, the district court intended simply to decline to
exercise supplemental jurisdiction over the remaining claims. See28 U.S.C. 1367(c)(3); see also Flynn v. City of Boston, No. 97-
1076, slip op. at 14 (1st Cir. May 12, 1998) (advising dismissal
without prejudice of the state claims in circumstances such as
these). We therefore modify the judgment to reflect that
plaintiffs' Commonwealth law claims have been dismissed without
prejudice. See 28 U.S.C. 2106.
 Affirmed as modified. Costs to appellee.