**Debra GAUTHIER, Plaintiff–Appellant,**

v.

**Karen HOYE; Jerry Keller; Las Vegas Metropolitan Department; Richard Winget; Mike Zagorski, Defendant–Appellees.**

Nos. 01–16332, 01–16687.

D.C. No. CV–98–00861–RLH(LR1).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Nov. 27, 2002.

Before STAPLETON,*
O'SCANNLAIN, and FERNANDEZ,
Circuit Judges.

### MEMORANDUM**

Debra Gauthier appeals the district court's entry of judgment in favor of Las Vegas Metropolitan Police Department ("Metro") following a jury trial that resulted in a verdict for the defense; the district court's grant of summary judgment in favor of Metro on her due process claim; and the district court's award of $75,000 in attorneys' fees to Metro. We affirm.

* Honorable Walter K. Stapleton, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ (1) The magistrate judge determined that the interests of the Diversity and Equality Board (DEB) in the confidentiality of its deliberative processes justified a protective order against discovery. *See* Fed.R.Civ.P. 26(c). The district court has broad discretion to issue protective orders, and we review its decisions deferentially. *See Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n,* 218 F.3d 1085, 1089 (9th Cir.2000); *see also Donoghue v. County of Orange,* 848 F.2d 926, 931 (9th Cir.1987). Still and all, the order issued in this case is problematic. *See Univ. of Pa. v. EEOC,* 493 U.S. 182, 191–94, 110 S.Ct. 577, 583–85, 107 L.Ed.2d 571 (1990). But even if the order was improper, on this record Gauthier is not entitled to reversal of the judgment.

First, we are constrained to note that Gauthier did not ask the district judge to review the protective order issued by the magistrate judge within the 10 days required by the rules. *See* Fed.R.Civ.P. 72(a); *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1173–74 (9th Cir.1996); *see also Sunview Condo. Ass'n v. Flexel Int'l, Ltd.,* 116 F.3d 962, 964–65 (1st Cir.1997). When Gauthier finally did ask the district court to reconsider, that request was based upon essentially irrelevant new evidence,[1] and was beyond the discovery cutoff date. *See* Fed.R.Civ.P. 16(b).

More importantly, Gauthier has not shown that she was prejudiced by the order. *See Hallett v. Morgan,* 296 F.3d 732, 751 (9th Cir.2002). She was not precluded from demanding and obtaining any and all

1. Her claim that a straight line evaluation is not necessarily retaliatory was based upon a misreading of the DEB's memorandum, which did not say that it was.

documents, reports, letters, and the like related to her claims.[2] Nor was she precluded from deposing witnesses on subjects other than the actual three hours of deliberations. For example, she could have deposed the sheriff and his minions regarding any improper contact they might have had with the DEB, and she could have spoken with DEB members, as she apparently did—indeed, one of the members, whom she sought to depose, was friendly to her cause. Moreover, especially in light of the other sources available to her, precisely what was said by the 15 board members during the actual deliberations would be much reduced in relevancy. *See id.*

As importantly, if not more importantly yet, during the trial itself the district court did not restrict Gauthier from questioning board members about their deliberations.[3] Four DEB members testified, and each was asked direct questions about those deliberations.[4] The lack of further exploration of the subject was Gauthier's own choice, it appears. In fine, error or not, we cannot say that Gauthier was substantially prejudiced, and will not overturn the judgment on that basis.

■ (2) The district court properly granted summary judgment in favor of Metro on Gauthier's due process claim because she failed to produce any evidence from which a reasonable jury could conclude that she was demoted without being afforded notice of the allegations against her and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); *Brewster v. Bd. of*

*Educ.*, 149 F.3d 971, 985 (9th Cir.1998). Moreover, even if the DEB was not entirely neutral and impartial, Gauthier, admittedly, received an impartial and fair post-deprivation hearing before the Civil Service Board. *See Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 333 n. 15 (9th Cir.1995); *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir.1991); *see also McDaniels v. Flick*, 59 F.3d 446, 459–60 (3d Cir.1995).

(3) The district court did not abuse its discretion when it concluded that Gauthier's claims were frivolous and awarded Metro its attorneys' fees under 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e–5(k). *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22, 98 S.Ct. 694, 700–01, 54 L.Ed.2d 648 (1978); *Mitchell v. Los Angeles County Superintendent of Schs.*, 805 F.2d 844, 847 (9th Cir.1986). It is true that a court should generally be cautious about deeming an action frivolous once it has proceeded to trial. *See Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir.1991); *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir.1987); *Jensen v. Stangel*, 762 F.2d 815, 818 (9th Cir.1985). However, demanding caution is not the same as pronouncing anathema. On the facts of this case, the district court could properly determine that there never was evidence to support Gauthier's contentions, despite her assertions to the contrary.

AFFIRMED.

---

2. She did obtain all documents requested, it appears.

3. The district court indicated that the board members could be questioned to determine if they, or others, did state or demonstrate discriminatory motives.

4. One had voted against the discipline, and both he and another questioned the process followed.