Alicia NICHOLLS, Plaintiff–Appellant,

v.

BROOKDALE UNIVERSITY HOSPITAL AND MEDICAL CENTER, David Rosen, Lewis Marshall, Kathy Lind, Michael Epter, and Daniela Niec, Defendants–Appellees.

No. 05–4164.

United States Court of Appeals, Second Circuit.

Oct. 24, 2006.

Charmaine M. Stewart and Nadira S. Stewart, Stewart Law Firm, Rosedale, NY, for Appellant.

Ricki E. Roer and Celena R. Mayo, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Alicia Nicholls appeals from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.), granting summary judgment in favor of her employer and dismissing her discrimination claims. *Nicholls v. Brookdale Univ. Hosp. & Med. Ctr.*, No. 03 CV 6233, 2005 WL 1521239 (E.D.N.Y. June 22, 2005). We assume the parties' familiarity with the background facts, the procedural history, and the specification of issues on appeal.

Ms. Nicholls was hired as a physician's assistant in the emergency department of the Brookdale University Hospital and Medical Center ("Hospital") in December 1993, and she was terminated in September 2002. The hospital claims she was fired because she falsified a doctor's signature on several medical records. Nicholls claims that she was terminated because of discriminatory and retaliatory animus in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1981, and various state and local statutes, and moreover that she was assigned to unfavorable shifts in violation of the same statutes.

On appeal, Nicholls argues that the district court erroneously (1) failed to consider a motion in which she charged spoliation of evidence, (2) discounted the testimony of a witness (Barry Slater), (3) held that the alleged unfavorable scheduling did not amount to an adverse employment action, and (4) held that she had not stated a prima facie claim of retaliation.

The district court's grant of summary judgment is reviewed *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Each of Nicholls's arguments on appeal will be addressed in turn.

■ 1. *Spoliation.* In effect, Nicholls's claim of spoliation seeks to reopen discovery. In granting the Hospital's motion for summary judgment, the district court stated that "ample time and opportunity were provided for full discovery." We agree. The magistrate judge ordered the close of discovery in November 2004. Because that order was not dispositive of a claim or defense of a party, it was effective and binding when issued. 28 U.S.C. § 636. Nicholls's objection to it was waived by her failure to object within ten days. *See* Fed. R.Civ.P. 72(a); *see also Sunview Condo. Ass'n v. Flexel Int'l Ltd.,* 116 F.3d 962, 964–65 (1st Cir.1997).

■ Moreover, this allegation is based solely on Nicholls's assertion that some evidence she produced in discovery conflicts with data provided by the Hospital concerning when certain employees were hired and by whom. This discrepancy does not support a claim of destruction of evidence. Nicholls concedes as much when she seeks a "continuance to obtain said evidence pursuant to Rule 56(f)." If a continuance and additional discovery would result in the production of the information Nicholls seeks, then that evidence cannot have been destroyed by the Hospital.

2. *Slater's Testimony.* Any error in considering Slater's testimony would be harmless. Slater, a former Hospital employee, testified that the Hospital's lists of employees omitted some people he remembered, and that, when the Hospital began hiring nurse practitioners—a position with higher qualification requirements than physician's assistants—he interviewed and hired mostly black candidates, while Nicholls's supervisor Kathy Lind hired mostly white candidates. Taken in the light most favorable to Nicholls, a factfinder that credited Slater's testimony could infer that, when hiring employees for a position different from that which Nicholls held, Lind hired more white applicants than did Slater. However, evidence relating to Lind's hiring practices when filling a different position does not create an issue of fact with respect to Nicholls's termination and her alleged falsification of Hospital records. As the district court observed (in a portion of the decision Nicholls does not challenge on appeal), Lind was not the party responsible for Nicholls's termination. *See Nicholls,* 2005 WL 1521239, at *16 ("Dr. Marshall, the African American head of the department, made the decision to terminate plaintiff.").

In any event, Nicholls failed to offer sufficient evidence to support a conclusion that the Hospital's justification for her termination—the falsification of records—was pretextual, and that discrimination was ac-

tually a factor. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ 3. *Scheduling.* The district court correctly ruled that Nicholls's claim regarding unfavorable scheduling did not constitute an adverse employment action. "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse' change in the terms and conditions of employment. To be 'materially adverse' a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir.2000) (internal quotations and citations omitted). Consistent with this authority, the district court concluded that the scheduling decisions about which Nicholls complained did not rise above "mere inconvenience" or "alteration of job responsibilities." On appeal, Nicholls asserts in conclusory fashion that assignment to the OB/GYN unit was "undesirable" because it tended to require more work than other units, and that "the scheduling changes were material as they represented a diminution in prestige and did not properly allow Plaintiff to rotate through both challenging and less challenging work on a regular basis." Such conclusory assertions, which lack evidentiary support, do not satisfy Nicholls's burden of production in response to a motion for summary judgment.

This conclusion is unaffected by *Burlington N. & Santa Fe Ry. Co. v. White,* which holds that Title VII's "anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace" as does Title VII's anti-discrimination provision. — U.S. —, 126 S.Ct. 2405, 2409, 165 L.Ed.2d 345 (2006).

As we explain below, Nicholls's retaliation claims fail for an independent reason. Accordingly, whether Nicholls's scheduling claim constitutes an adverse employment action bears only on her discrimination claim, which is unaffected by *Burlington.*

■ 4. *Retaliation.* The district court ruled that Nicholls failed to establish a prima facie claim of retaliation, because she failed to offer evidence that she had engaged in any protected activity against which the Hospital could have impermissibly retaliated. *Nicholls,* 2005 WL 1521239, at \*35. This issue is waived because Nicholls first raised it in her reply brief. *Thomas v. Roach,* 165 F.3d 137, 145–46 (2d Cir.1999).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**