JENNIFER C. BOAL, UNITED STATES MAGISTRATE JUDGE
*215 The United States has moved for authorization to use alternative procedures to notify potential victims, pursuant to 18 U.S.C § 3771(d). Docket No. 93. For the following reasons, the Court grants in part and denies in part the motion.
I. BACKGROUND
This case alleges wrongdoing by defendants who are ex-executives and/or ex-managers of a pharmaceutical company. The indictment alleges, among other things, a RICO conspiracy to commit several predicate acts, including honest services mail fraud, in violation of 18 U.S.C. §§ 1341 and 1346. Count I of Indictment. Specifically, the indictment alleges that defendants conspired to deprive patients of their right to honest services from their prescribers by paying bribes to practitioners in order to induce them to prescribe their company's drug, a fentanyl spray. Indictment ¶¶ 9, 45. The indictment also alleges that the defendants created and fostered a scheme to mislead insurers, and the agents of insurers, into authorizing payment for the fentanyl spray. Id. at ¶ 10.
The government states that given the nature of the charges in this case, "arguably, any patient prescribed the product by a prescriber who was taking bribes from defendants, as well as all payers that required prior authorization of the drug and eventually paid for it based on the fraud by the company representatives are victims." Docket No. 93 at 2. The government also represents that it "does not know precisely how many of these patients and entities would qualify as victims if the government prevailed at trial and, even if the government could calculate a figure at this point, it would be impossible to give them all individual notice under 18 U.S.C. § 3771." Id. Therefore, the government proposes five separate alternative victim notification methods:
(1) Using a portal on the web site operated by the Federal Bureau of Investigation ("FBI"), the government has set up a web page that provides a general description and information about the action at https://www.fbi.gov/resources/victim-assistance/seeking-victim-information/seeking-victims-in-the-subsys-medication-case. That website directs users to another site at https://subsys.ic3.gov/ for those who may be victims. The site contains a brief questionnaire that will assist in the identification of potential victims.
(2) The United States Attorney's Office for the District of Massachusetts ("USAO") maintains a website at https://www.justice.gov/usao-ma/united-staes-v-michael-babich-alec-burlakoff-richard-simon-sunrise-lee-joseph-rowan-and. This website posts publicly available information about the case and redirects potential victims to the FBI website to enter basic information about their use and payment of the Fentanyl product.
(3) The U.S. Department of Justice ("DOJ") will maintain a website at http://justice.gov/largecases/. This site will provide a summary of the case and will direct users to the USAO website for more information, *216 such as the case status, the charging document and potentially other significant case related documents, that will be posted there.
(4) The government will issue one or more press releases informing the public about the USAO and DOJ websites.
(5) Depending on the case event for which the government is trying to give notice, the government may try to develop a system in which it can send "blast emails" to those alleged victims for whom it has email addresses.
Docket No. 93 at 2-3.
The government filed the instant motion on April 27, 2017. Docket No. 93. On May 11, 2017, the defendants filed an opposition. Docket No. 98. The government filed a reply on May 25, 2017. Docket No. 109. The Court heard oral argument on July 27, 2017.[1]
II. ANALYSIS
Pursuant to the Justice For All Act/Crime Victims Rights Act ("CVRA"), crime victims have various rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). In a case involving multiple crime victims, the Court has discretion to adopt procedures that will not unduly interfere with ongoing criminal proceedings:
In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.
18 U.S.C. § 3771(d)(2).
The defendants oppose the government's motion for alternative victim notification under section 3771(d)(2) on several grounds.[2] First, the defendants argue that patients of alleged co-conspirator physicians are not "crime victims" of any offense with which the defendants have been charged. Docket No. 98 at 2-5. The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Further, the CVRA applies only to court proceedings "involving an offense against a crime victim ." 18 U.S.C. § 3771(b)(1) (emphasis added). There is scant caselaw regarding who qualifies as a crime victim under the CVRA. This Court agrees with the Eastern District of New York's decision in United States v. Turner, 367 F.Supp.2d 319 (E.D.N.Y. 2005), which adopted an "inclusive *217 approach" to determining whether individuals qualified as crime victims under the CVRA. In so doing, the Turner court stated:
Of course, the fact that the CVRA may not mandate giving notice and participatory opportunities to such victims does not prohibit a court from doing so. Weighing the explicit view of the law's sponsors against the inference to be drawn from pre-existing case law, courts should consider erring on the side of caution ...
Accordingly, I believe it is important to avoid the pitfall of seeking to determine who is "actually" a victim, cf. Fed. R. Crim. P. 32(a)(2), as a threshold for safeguarding the rights set forth in § 3771. Instead, I have taken and will continue to follow an inclusive approach: absent an affirmative reason to think otherwise, I will presume that any person whom the government asserts was harmed by conduct attributed to a defendant, as well as any person who self-identifies as such, enjoys all the procedural and substantive rights set forth in § 3771.
Turner, 367 F.Supp. at 327. Accordingly, the Court will assume, for purposes of this motion, that patients of alleged co-conspirator practitioners are crime victims under the CVRA.
The defendants also argue that, even if patients are crime victims under the CVRA, the government has not shown that it is impracticable to attempt to notify all of the potential victims individually. Docket No. 98 at 5-7. However, the government represents that the four and a half year conspiracy alleged in the indictment involved numerous co-conspirator practitioners, who wrote a large number of prescriptions for the fentanyl spray. Docket No. 109 at 7. At oral argument, the government stated that it had positively identified approximately 30 victims and potentially there were thousands of victims. Accordingly, the Court finds that alternative notification procedures are appropriate in this case.
Having determined that alternative notification procedures are appropriate, the Court next needs to determine whether to allow the specific procedures the government proposes. At oral argument, the defendants stated that they do not, at this stage, object to the FBI's and USAO's websites. At oral argument, the government did not sufficiently explain why inclusion of the case in the DOJ website is also necessary. Similarly, the government's proposal to try to develop a system for "blast emails" is too vague.[3] Accordingly, the Court denies the government's request to include information about this case in the DOJ website or to develop a system for blast emails.
Finally, the government seeks permission to issue one or more press releases. The defendants argue that press releases risk tainting the jury pool depriving them of their right to a fair trial. Docket No. 98 at 7-9. In particular, the defendants are concerned that press releases would repeat the government's allegations and theory of the case and thereby taint the jury pool. Id. Recognizing the competing interests at stake, namely, the defendants' Sixth Amendment right to an impartial jury and a fair trial, the public's First Amendment right of access to proceedings and filings as well as the rights of potential victims, courts have imposed certain restrictions on such alternative notification procedures. Specifically, courts have held *218 that any press releases and/or notices shall avoid reciting allegations contained in the pleadings and shall contain language indicating that the defendant is presumed innocent unless and until proven guilty. See, e.g., Merrill, 2014 WL 6387368, at *2 ; United States v. Saferstein, No. 07-CR-557, 2008 WL 4925016, at *3-4 (E.D. Pa. Nov. 18, 2008). The Court finds that such restrictions are appropriate in this case and allows issuance of press releases in satisfaction of the government's obligations under 18 U.S.C. § 3771(a).
III. ORDER
For the foregoing reasons, the Court grants in part and denies in part the government's motion for alternative notification procedures.
The government may continue to maintain the FBI and USAO's website. The government may not include this case in the DOJ website or issue email blasts.
Any press releases giving notice to potential crime victims shall avoid reciting allegations contained in the pleadings except as is necessary to comply with the notification obligations, but such press releases and notices may refer to such pleadings. They shall also contain the following language: "An indictment is an accusation. A defendant is presumed innocent unless and until proven guilty." This order does not prohibit the government from issuing a press release that in its discretion reports newsworthy developments in this prosecution, subject, of course, to its obligations under the Local Rules. Rather, where it releases for publication in the press information in furtherance of its obligations to crime victims, the government shall avoid the unnecessary repetition of allegations in the pleadings.[4]

At the June 15, 2017 conference, the parties informed the Court that they would like to be heard on the motion prior to the July 27, 2017 status conference. As the parties could not agree on a date at the status conference, the Court directed the parties to confer and inform the Court as to an agreed upon date to conduct a motion hearing. See Docket No. 117. The parties never contacted the clerk so the Court set the hearing for July 27, 2017.

The government argues that the defendants do not have standing under the CVRA to oppose the government's motion. Docket No. 109 at 2-3. It is true that the CVRA provides that "[a] person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1). However, the government's proposed alternative notification procedures may implicate the defendants' constitutional rights. See, e.g., United States v. Merrill, No. 14-40028-TSH, 2014 WL 6387368, at *2 (D. Mass. Nov. 14, 2014) (considering the defendants' arguments that the government's proposed alternative notification procedures may taint the jury pool). Accordingly, the Court will consider the defendants' arguments.

In any event, at oral argument, the government did not press for that method of notification.

The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999) ; Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997) ; Pagano v. Frank, 983 F.2d 343 (1st Cir 1993).