# United States Court of Appeals

## For the First Circuit

No. 08-2275

IN RE: SIMPLY MEDIA, INC.,

Debtor.

_____

BRADLEY C. REIFLER,

Plaintiff,

STEVEN M. NOTINGER, CHAPTER 7 TRUSTEE,

Plaintiff, Appellee,

v.

CHRISTINA BROWN, a/k/a CHRISTINA RAGO, Individually and
in her capacity as Trustee of First Marcus Trust,

Defendant, Appellant.

_____

ELIZABETH BROWN; MARIA SCHULMAN; DUDLEY C. GOAR;
MIDDLESEX SAVINGS BANK; ANGELIKA THUMM; KATHERINE SAN FILIPPO,

Defendants.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

_____

Before
Boudin and Lipez, Circuit Judges,
and Singal,* District Judge.

_____

*Of the District of Maine, sitting by designation.

James V. Tabner for appellant.

Todd B. Gordon with whom Stephen F. Gordon and Gordon Haley LLP were on brief for appellee.

————————————————

May 15, 2009

————————————————

**Per Curiam**.  In the district court, Steven Notinger, the trustee in bankruptcy of David Deaver Brown and an affiliated corporate debtor called Simply Media, Inc., sought to recover for the estate allegedly fraudulent payments made by Simply Media to or for Christina Brown--David Brown's wife--individually and in her role as trustee of the First Marcus Trust.  In addition, Notinger sought damages for Christina Brown's participation in a civil conspiracy.

At trial, there was evidence from Notinger and his witnesses that David and Christina Brown had formed Simply Media, a company making (or purporting to make) CDs, and had gotten friends to invest in it based on fictitious financial statements and a compelling sales pitch; that the Browns used the invested funds to pay for their personal expenses over several years including the mortgage on their home, personal dry cleaning bills, credit card bills, rent on their daughters' apartments, medical bills, vacation and school tuition; and that when the funds were exhausted, Simply Media and David Brown filed for bankruptcy.

Based on evidence received at a pre-trial hearing and Christina Brown's trial testimony when called by Notinger, the district judge sanctioned Christina Brown for deliberately destroying records by precluding her from testifying as to why the diverted corporate funds constituted legitimate business expenses. A jury returned a verdict against Christina Brown of $1,103,508.60

on the fraudulent transfer claim and $2,968,071 (later reduced to $1,648,000) on the civil conspiracy claim. Christina Brown now appeals, raising a variety of arguments of which three are prominent and will serve as samples:

> •that positions taken by Notinger in other litigation against former board members of Simply Media, after the jury returned a verdict in this case, were inconsistent with his positions in this litigation;

> •that the New Hampshire Business Corporation Act, N.H. Rev. Stat. Ann. § 293-A:1.01 et seq. (2009), authorized the payments, which could be regarded as serving business ends; and

> •that the spoliation sanction for deliberate destruction of evidence imposed by the district court was error.

We do not pass definitively on these or other arguments, because Brown's brief does not properly present them. The governing rule requires that an appellant's brief contain "a statement of facts relevant to the issues submitted for review with appropriate references to the record" and an argument "with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(7), (9). Brown's brief fails to do either.

Although claiming that there are "18 issues of material facts" that warrant revisiting the judgment, Brown's opening brief does not once cite the trial transcript; and the separate statement of facts in the brief is one paragraph long, with other factual

-4-

assertions merely scattered throughout the argument section.  The brief is lengthy but much of the argument is very hard to follow. Although many of the arguments inherently depend on legal propositions, the brief cites only two cases.

Brown initially indicated on her transcript order form that no transcript was necessary to our resolution of this case. After the briefing schedule was set--well after the ten day limit set by Fed. R. App. P. 10(b)--Brown's counsel ordered a transcript while continuing to claim that none was necessary.  Because of the delay in ordering the transcript, Brown's brief was due before the transcript was filed but seemingly Brown made no effort to obtain an extension so as to supply a brief with proper citations.

Neither does Brown's brief supply the information that would be necessary to evaluate the claims.  Thus, while Notinger's position in this case is alleged to be inconsistent with his position in other litigation, the specific statements in each forum are neither quoted nor documented in Brown's opening brief, and in the reply brief it becomes clear that the supposed inconsistency is imaginary.[1]  Nor is there any case law offered to show that

---

[1]The belated documentation in the reply brief reveals that the claim amounts to this:  that Notinger's position at trial here was that Simply Media was virtually a sham company, while in subsequent litigation against the directors of Simply Media, Notinger claimed damages against them for breach of fiduciary duty, alleging that Simply Media had claimed large assets, which "had disappeared without a trace by the time Simply Media filed its bankruptcy petition."

supposed inconsistencies are automatically a basis for setting aside a judgment on appeal in the absence of any post-judgment effort to do so in the district court.

Brown's argument under the New Hampshire Business Corporation Act seems to be that the types of expenses that Simply Media paid on her behalf were permitted as valid expenses necessary to locate an office, maintain the health of officers, and so on. No authority is offered to suggest that the statute allows a corporation to pay personal expenses of the type and on the scale that the evidence indicated in this case. In Brown's reply brief, it is argued that Delaware law applied--an argument waived by failing to make it in the opening brief. VanHaaren v. State Farm Mut. Auto. Ins. Co., 989 F.2d 1, 7 n.6 (1st Cir. 1993).

As to the spoliation sanction, Brown says that it was unjustified because there was "no evidence introduced of any single document destroyed or any required document not available elsewhere." The brief does not address or explain the extensive evidence, presented at the pre-trial hearing and through Brown's own testimony, supporting the district court finding that "the Browns had deliberately and systematically destroyed nearly every relevant corporate document they ever received or generated."

Given the deficiencies of the brief and violations of applicable rules, we dismiss this appeal, as precedent permits, Reyes-Garcia v. Rodriquez & Del Valle, Inc., 82 F.3d 11, 15-16 (1st

Cir. 1996), and the inadequacies of the brief require.  In addition, we <u>direct</u> Brown's counsel to show cause by written response within 14 days as to why the court should not order payment by him personally of attorney's fees and double costs for needlessly consuming the time of the court and opposing counsel with a brief that renders the appeal frivolous.  <u>See</u> Fed. R. App. P. 38; 1st Cir. R. 38.

<u>It is so ordered</u>.