# United States Court of Appeals
## For the First Circuit

No. 08-2498

IN RE: SIMPLY MEDIA, INC.,

Debtor.

_____

BRADLEY C. REIFLER; STEVEN M. NOTINGER, CHAPTER 7 TRUSTEE,

Plaintiffs, Appellees,

v.

CHRISTINA BROWN, Individually and as Trustee of the Fisher
Mountain Trust; David D. Brown,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Torruella, Ripple,[*] and Boudin,
Circuit Judges.

James V. Tabner for appellants.
Todd B. Gordon with whom Stephen F. Gordon and The Gordon Law
Firm LLP were on brief for appellees.

October 8, 2009

[*]Of the Seventh Circuit, sitting by designation.

**Per Curiam**.  This appeal arises from the bankruptcy of David Deaver Brown and Simply Media, Inc., and efforts by Bradley Reifler (a creditor of Simply Media) and Steven Notinger (the bankruptcy trustee for David Brown and Simply Media) to (1) establish that two parcels of land in New Hampshire (denominated parcels 67 and 68) were David Brown's property, and so part of the bankruptcy estate, and (2) recover fraudulent transfers allegedly made by Simply Media in paying expenses that related to the New Hampshire parcels.

Because of deficient briefing, this court dismissed a prior appeal by Christina Brown that involved the same appellees and arose from the same two bankruptcies, In re: Simply Media, Inc., 566 F.3d 234, 235 (1st Cir. 2009) (per curiam).  The prior case involved claims that Simply Media fraudulently transferred assets located in Massachusetts and was tried to a jury verdict; the jury returned a multi-million dollar verdict against Christina Brown.  Id.

The current dispute was heard by the bankruptcy court in late 2007; its May 2008 final judgment favored the Browns on some claims and Reifler and Notinger on others.  Only the Browns appeal, so we focus on the claims decided against them.  First, the bankruptcy court ruled that parcel 68 was being held by Christina Brown in constructive trust for David Brown, making it part of his bankruptcy estate (the court found that the other parcel, parcel

-2-

67, was not part of the estate). Second, the bankruptcy court found that Simply Media paid $56,585 in expenses related to the New Hampshire parcels--including property taxes, utilities, and repair costs--and that these payments constituted a fraudulent transfer by the company to or for the benefit of David Brown and Christina Brown. In making this fraudulent transfer finding, the bankruptcy court relied partly on adverse inferences drawn from the Browns' spoliation and non-production of relevant evidence.

The bankruptcy court's final judgment required Christina Brown to turn over parcel 68 to the bankruptcy trustee by executing a quitclaim deed and held David Brown and Christina Brown obligated to pay $56,585 to the bankruptcy trustee. The Browns appealed, and the district court affirmed these rulings (save that it required a readjustment in pre-judgment interest). This appeal from the district court's affirmance followed.

We do not reach any of the issues on the merits. The Federal Rules of Appellate Procedure require that an appellant's brief provide "a statement of facts relevant to the issues submitted for review with appropriate references to the record" and an argument "with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(7), (9)(A). The Browns' briefing does not meet either requirement, and it does not adequately present any issue for our review.

Despite its length, the Browns' opening brief leaves unclear what claims are being advanced and what facts bear on what claims. Although many of its arguments turn on legal propositions, it cites only three cases not connected to this appeal, and does not seriously engage with any of the precedents that might bear on any issue in this appeal. Despite numerous factual assertions, the brief rarely provides citations to the record. The occasional quotations from portions of the trial transcript do not provide support for the bulk of the brief's factual assertions.

The deficiencies in the appellants' brief are unsurprising because much has been taken verbatim from Christina Brown's brief in the prior appeal. This borrowing might not be surprising because the two appeals involve some similar facts and issues; as we previously found the prior brief inadequate, borrowing merely perpetuates that inadequacy. Strikingly, the most prominent arguments in the present appeal are ones that this court already found to be inadequate on the prior appeal:

> --that the New Hampshire Business Corporation Act, N.H. Rev. Stat. § 293-A:1.01 <u>et seq.</u> (2009), authorized Simply Media to pay expenses for an office and so the expenses it paid cannot be a fraudulent transfer;
>
> --that Simply Media was not a business sham, as allegedly illustrated by the fact that Notinger separately sued three of Simply Media's former board members; and
>
> --that spoliation sanctions were unwarranted because no evidence of spoilation was produced

and because the same documents could be obtained from third-parties.

We addressed these issues in the prior appeal, <u>In re: Simply Media, Inc.</u>, 566 F.3d at 236, and explained why the briefing did not develop law or facts in support of the claims and why they were facially unpersuasive.

Given the deficiencies of the present briefing, we <u>dismiss</u> this appeal, <u>Reyes-Garcia</u> v. <u>Rodriguez & Del Valle, Inc.</u>, 82 F.3d 11, 15-16 (1st Cir. 1996), and <u>order</u> Brown's counsel of record to show cause by written response within 14 days as to why the court should not order payment by him personally of attorney's fees, double costs or both for a brief that renders the appeal frivolous. <u>See</u> Fed. R. App. P. 38; 1st Cir. R. 38.0.

<u>It is so ordered</u>.