**Not For Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 11-2334

ÁNGEL L. ALEJANDRO-MARTÍNEZ, ET AL.,

Plaintiffs, Appellants,

v.

ENG. JOSÉ F. ORTIZ-VÁZQUEZ, in his personal capacity and
as Director of Puerto Rico Aqueduct and Sewer Authority;
CONJUGAL PARTNERSHIP ORTIZ-DOE; COMPAÑÍA DE AGUAS
DE PUERTO RICO, INC.; CORPORACIÓN DEL FONDO DEL SEGURO
DEL ESTADO; INSURANCE COMPANIES ABC; INSURANCE COMPANIES XYZ;
JANE DOE; JANE POE; JANE ROE; JOHN DOE; MARY DOE;
ONDEO DE PUERTO RICO INC.; DRA. IRIS OTERO, in her personal
capacity and as the Medical Director of the CFSE; CONJUGAL
PARTNERSHIP DOE-OTERO; ENG. PABLO REYES-BONILLA, in his
personal capacity and as HOSOs Director Engineer; CONJUGAL
PARTNERSHIP REYES-POE; DR. ÁNGEL ROMÁN-FRANCO, in his personal
capacity and as an employee of CFSE; CONJUGAL PARTNERSHIP
ROMÁN-DOE; EUFEMIO TOUCET, in his personal capacity and as
Sub-Director of Puerto Rico Aqueduct and Sewer Authority;
CONJUGAL PARTNERSHIP TOUCET-ROE;
PUERTO RICO AQUEDUCT AND SEWER AUTHORITY,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before
Lynch, Chief Judge,
Torruella, Circuit Judge,
and DiClerico, Jr.,[*] District Judge.

---

[*] Of the District of New Hampshire, sitting by designation.

Nicolás Noqueras-Cartagena and Noqueras Law & Associates, on brief for appellants.

Marta L. Rivera-Ruiz, James W. McCartney, and Cancio, Nadal, Rivera & Díaz, P.S.C., on brief for appellees Puerto Rico Aqueduct and Sewage Authority, José F. Ortiz-Vázquez, Eng. Pablo Reyes-Bonilla, and Eufemio Toucet.

Carlos José Onetti-Irizarry and Carlos José Onetti Irizarry Law Offices, on brief for appellee Compañía de Aguas de Puerto Rico, Inc.

Ángel E. Rotger-Sabat and Maymí, Rivera & Rotger, P.S.C., on brief for appellees Corporación del Fondo del Seguro del Estado and Dra. Iris Otero.

Eric Pérez-Ochoa, Katarina Stipec-Rubio and Adsuar Muñiz Goyco Seda & Pérez-Ochoa, P.S.C., on brief for appellee Ondeo de Puerto Rico, Inc.

Luis R. Ramos-Cartagena and González Castañer & Morales Cordero, CSP, on brief for appellee Dr. Ángel Román-Franco.

---

December 10, 2012

---

**Per Curiam**.  As we too often have to reiterate, litigants in this Circuit should not seriously expect to obtain a remedy without doing the necessary leg work first.  See, e.g., Rodríguez-Machado v. Shinseki, No. 12-1430, 2012 WL 5871052 (1st Cir. Nov. 21, 2012); see also United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").  In this case, that warning has unfortunately fallen on deaf ears.

Appellants come before us charging the district court with error in dismissing their complaint for failure to state a claim.[1]  They, however, rest their case entirely on two perfunctory, undeveloped, and unsupported arguments:

> The facts presented in the complaint and restated in many of the Motions by plaintiffs, far from being rambling allegations, as they were describe [sic] by the District Court in their [sic] Statement of Reasons, the facts alleged in the complaint bring forward more than just a plausible case. They bestow upon the court a detailed description of the conspiracy to promote a pattern of racketeering, and as proof of the factual matter alleged, presented the testimony of Mr. Cora, who was not only present during the meetings in which the

---

[1] Appellants' complaint raised claims under 42 U.S.C. § 1983; the Federal Medical Leave Act, 29 U.S.C. §§ 2601 et seq.; and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1969. Appellants' brief only challenges the dismissal of the RICO claims.

-3-

> conspiracy was concocted, but who was also
> pressured into supervising the conspiracy and
> working as a liaison between the Co-
> defendant[s] . . . .

> ****

> Even though the present claim allege
> [sic] a violation of the RICO Act, which would
> require some sort of factual allegation
> regarding concerted actions between the co-
> defendants, it does not mean that the
> promoting party has to prove without any
> reasonable doubt that the existence of a plan,
> once again it's a matter of alleging a
> plausible case.

Appellants' Br. at 17-18, 21.

In other words, nowhere in their 22-page submission do Appellants provide an specific and articulated argument as to how or where the district court went wrong -- the brief neither mentions a single factual allegation improperly disregarded or a single inference improperly made. Worse yet, the brief fails to (1) address any of the grounds upon which the district court dismissed the case; and (2) advance any case law that supports Appellants' RICO claims.

For the foregoing reasons, we are in no position to entertain this appeal and hereby dismiss it with prejudice. See In re Simply Media, Inc., 566 F.3d 234, 236 (1st Cir. 2009).

Additionally, Appellants' counsel is ordered to show cause by written response within the next fourteen (14) days as to why the court should not order payment by him of attorney's fees and double costs for needlessly consuming the time of the court and

opposing counsel.  See In re Simply Media, 566 F.3d at 236; see also Fed. R. App. P. 38; 1st Cir. R. 38.

**So Ordered**.