# United States Court of Appeals
## For the First Circuit

No. 12-1430

LAURA RODRÍGUEZ-MACHADO,

Plaintiff, Appellant,

v.

ERIC K. SHINSEKI, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Lipez, and Thompson,
Circuit Judges.

Elaine Rodríguez-Frank on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

November 21, 2012

**Per Curiam**.  This case provides an important reminder to lawyers and litigants alike:  substantial "noncompliance" with important "appellate rules, in and of itself, constitutes sufficient cause to dismiss [an] appeal."  Reyes-García v. Rodríguez & Del Valle, Inc., 82 F.3d 11, 14-15 (1st Cir. 1996).

Plaintiff wants us to reverse a grant of summary judgment to her former employer in this suit for discrimination, retaliation, and hostile work environment under the Age Discrimination in Employment Act ("ADEA," for short), see 29 U.S.C. § 621 et seq., making a single, incredibly broad argument – that the district judge slipped by premising dismissal on disputed facts.  Now, obviously, busy appellate judges depend on counsel to help bring issues into sharp focus, see Reyes-García, 82 F.3d 13-14, and that certainly holds true in a case like this, given how complex federal employment discrimination law is, see generally Rodríguez v. Mun. of San Juan, 659 F.3d 168, 176 (1st Cir. 2011) (discussing how not to brief complex issues).  That is where the appellate rules of procedure come in:  They provide the means by which we "gain[] the information that [we] require[] to set the issues in context and pass upon them."  Reyes-García, 82 F.3d at 14.  So, naturally, "[w]hen a party seeking appellate review fails to comply with the rules in one or more substantial respects, its failure thwarts this effort and deprives [us] of the basic tools that [we] need to carry out this task."  Id.

-2-

Unfortunately, plaintiff's briefs are textbook examples of how not to litigate a case on appeal, infracting some important procedural rules. Again, claims of age discrimination, retaliation, and hostile work environment are often, as here, factually complicated and legally intricate. See, e.g., Velazquez-Ortiz v. Vilsak, 657 F.3d 64, 73-76 (1st Cir. 2011) (discrimination); Gómez-Pérez v. Potter, 553 U.S. 474, 479-82 (2008) and Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff, 511 F.3d 216, 223-24 (1st Cir. 2007) (retaliation); Colón-Fontánez v. Mun. of San Juan, 660 F.3d 17, 44-45 (1st Cir. 2011) (hostile work environment). Yet plaintiff's opening brief offers no specific record cites to support her version of the facts, which, again, she alleges are in dispute. Cf. Fed. R. App. P. 28(a)(7).[1] Essentially, she is asking us to do one of two things: accept what she says as gospel or mine the record ourselves to confirm the truth of her story – and there is no reason for us to do either. See Reyes-García, 82 F.3d at 14. Shockingly still, plaintiff's principal brief provides neither the necessary caselaw nor reasoned analysis to support her theories: She mentions a few ADEA cases, but only in the context of setting out the accepted summary judgment standard – amazingly, she spends no time describing the legal contours of an ADEA claim. Cf. Fed.

---

[1] That rule provides that an appellant's brief "must contain . . . a statement of facts relevant to the issues submitted for review with appropriate references to the record . . . ."

R. App. P. 28(a)(9).[2]  Also, she makes no retaliation-based argument whatsoever in the argument section of her opening brief, though she does toss around retaliation buzzwords in her fact section.  As for the hostile work environment issue, while she quotes a case saying that a court must "distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment," Noviello v. City of Boston, 398 F.3d 76, 92 (1st Cir. 2005), she does not explain how the harassment here was severe or pervasive enough to be actionable, see Colón-Fontánez, 660 F.3d at 44 (discussing what supports a hostile work environment claim).  And despite the fact that defendant's responsive brief clued her in to some of these problems, plaintiff's reply brief is not really any better than her first:  She does serve up a smattering of record cites there, but not enough to make a difference – too late and too little, we say; and, incredibly, she cites no caselaw at all.  What she has done is not the type of serious effort that allows us to decide difficult questions, see, e.g., Rodríguez, 659 F.3d at 176 (relying on Tayag v. Lahey Clinic Hosp., Inc., 632 F.3d 788, 792 (1st Cir. 2011)), and doing her work for her is not an option, since that would divert precious judge-time from other litigants who could have their cases resolved

---

[2] That proviso holds that an appellant's brief "must contain" an "argument" section, laying out (among other things) "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ."

thoughtfully and expeditiously because they followed the rules. See generally United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) (colorfully explaining how "[j]udges are not like pigs, hunting for truffles" in the record).

To wrap up: Plaintiff's lackluster way offends some major appellate procedural rules and controlling caselaw. Being human, lawyers of course will not always dot every "i" and cross every "t" in trying to live up to their obligations under the rules. Reyes-García, 82 F.3d at 15. And "occasional" mistakes – minor "infringements of the rules that neither create unfairness to one's adversary nor impair the court's ability to comprehend and scrutinize a party's" papers – typically "will not warrant Draconian consequences." Id. But "major" breaches call for "severe decrees," and the violations here are certainly major, given that they cripple "any attempt to review the issues intelligently." Id.

Consequently, for the reasons batted around above, we **dismiss** plaintiff's appeal **with prejudice**, as the caselaw permits in situations like this. Id. at 16; see also In re Simply Media, Inc., 566 F.3d 234, 236 (1st Cir. 2009) (per curiam).

**So Ordered**.