# United States Court of Appeals
## For the First Circuit

No. 12-2425

BENNY GONZÁLEZ-RÍOS,

Plaintiff, Appellant,

v.

HEWLETT PACKARD PR COMPANY; HEWLETT PACKARD CARIBE LIMITED
COMPANY; HEWLETT PACKARD CARIBE BV COMPANY; HEWLETT PACKARD
EMPLOYEES DISABILITY PROGRAM; LIFE INSURANCE COMPANY OF NORTH
AMERICA (LINA); HEWLETT PACKARD CARIBE BV INSURANCE PLAN,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before
Torruella, Baldock,[*] and Kayatta,
Circuit Judges.

Luis Vivaldi Oliver, on brief for appellant.
Fernando A. Baerga Ibáñez, Carolina Santa Cruz Sadurní, and
Baerga & Quintana Law Offices, on brief, for appellee Hewlett
Packard Caribe BV Company.
Rosa María Cruz-Niemiec and Cruz Niemiec & Vázquez, on brief
for appellees Life Insurance Company of North America (LINA) and
Hewlett Packard Caribe BV Insurance Plan.

April 16, 2014

[*]Of the Tenth Circuit, sitting by designation.

**BALDOCK**, <u>Circuit Judge</u>.  Plaintiff Benny González-Ríos appeals the District of Puerto Rico's dismissal of his lawsuit seeking disability benefits under the Employee Retirement Income Security Act (ERISA).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because Plaintiff has committed numerous procedural errors, thwarting intelligent review, we dismiss the appeal.

I.

In 1983, Hewlett Packard Caribe BV Company (hereinafter "HP Caribe") hired Plaintiff as an electronics technician. Beginning in July 2007, Plaintiff was covered by a short-term disability plan named the "Hewlett Packard Caribe BV Insurance Plan" (hereinafter "the Plan").  The Life Insurance Company of North America (hereinafter "LINA") had "the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact."

Plaintiff underwent back surgery in early 2009, and LINA authorized short-term disability benefits from February 3 to May 15, 2009.  On June 2, LINA denied Plaintiff benefits for the first time.  Plaintiff returned to work one month later.  He left work again on July 21, however, never to return.  Over the next

year-and-a-half, LINA repeatedly denied Plaintiff's requests and appeals for disability benefits.[1]

In December 2010 Plaintiff sued LINA, HP Caribe, and several other Hewlett Packard entities in a Puerto Rico court, seeking review of the benefits denial. In its answer, HP Caribe asserted it was Plaintiff's sole employer and denied everything in the complaint regarding the other named HP entities, e.g., "Hewlett Packard PR Co."[2] Plaintiff thereafter moved for default judgment against the other HP defendants. This motion was denied, and HP Caribe's answer was deemed sufficient.

Plaintiff did not serve LINA until April 2011. Less than thirty days later, on May 4, LINA removed the action to the District of Puerto Rico. HP Caribe consented. One month later, LINA clarified in its answer the full name of the Plan, as it had not been named in the original lawsuit. Despite HP Caribe and LINA's clarifications as to the actual parties involved, Plaintiff never amended his complaint. Nor did he seek to serve the Plan properly. Instead, he moved for partial summary judgment and for

---

[1] HP Caribe's answer to Plaintiff's complaint alleged Plaintiff "enjoyed the benefits of temporary disability from February 16, 2009 to July 1, 2009" and from "July 21, 2009 to February 24, 2010." In its brief to us, however, HP Caribe hews more closely to the dates established in the main text above, dates which are largely agreed upon by Plaintiff and LINA. Under either narrative, our conclusion here would remain the same.

[2] Plaintiff apparently served process on "Hewlett Packard," in general, without specifically serving each named HP entity.

an entry of default, again contending various entities he had sued had failed to answer the complaint. In response, HP Caribe asserted the issue had already been ruled on. At the same time, LINA filed an amended answer stating that, despite not being served properly, the Plan was voluntarily appearing "to simplify matters and expedite the proceedings." As such, Defendants argued, all relevant and operative parties had appeared: the plan administrator (HP Caribe), the claims administrator (LINA), and the Plan. Nearly two months later, Plaintiff asked the district court to order HP Caribe to produce certain documents. Plaintiff also submitted a document apparently filed with the IRS on behalf of "Hewlett Packard PR-Death, Weekly Income & Major Medical/Dental Plan," which Plaintiff asserted was the true name of his plan. LINA moved to strike this reply, arguing the IRS document had not been authenticated and all relevant Plan documents had been provided.

On February 10, 2012, in an opinion and order, the district court: (1) ruled the IRS document could not be considered because it had not been authenticated; (2) declined to order the production of any documents; (3) denied Plaintiff summary judgment on Defendants' alleged failure to pay disability benefits; (4) declined to grant default judgment because "all relevant parties" had effectively made an appearance; and (5) ordered Plaintiff to use the Plan name attested to by HP Caribe, LINA, and the Plan.

Around the same time, LINA moved for judgment on the administrative record, asking the court to affirm the benefits denial. Similarly, HP Caribe moved for dismissal, arguing the complaint was factually insufficient to sustain a claim against it. In the alternative, HP Caribe moved for summary judgment. The court referred both motions to a magistrate judge, who recommended dismissal of Plaintiff's complaint in its entirety, with prejudice.

On September 30, 2012, the district court issued an opinion and order in which it adopted the magistrate's report and recommendation. The court approved of the magistrate's use of the arbitrary and capricious standard to review LINA's decision to deny benefits, and it found LINA's decision was not arbitrary and capricious because Plaintiff failed to produce sufficient medical evidence of disability. The court also agreed with the magistrate that Plaintiff's only claim against HP Caribe was for a failure to provide documents. The court dismissed this claim because Plaintiff failed to plead it with specificity.[3] Both the order and subsequent judgment were entered on the docket on October 5, 2012.

On November 2, 2012, Plaintiff submitted a notice stating he was appealing the district court's "Order and Final judgment entered on November 5, 2012." On February 23, 2013, Plaintiff filed his brief on appeal. In it, Plaintiff did not refer to any

---

[3] The court declined to treat HP Caribe's motion as a motion for summary judgment, although it noted that under a summary judgment analysis "the case would have ended in the same place."

medical documents or give any explicit reason why he was entitled to benefits. Rather, he argued the court erred by using the arbitrary and capricious standard of review. De novo review should have been applied, he contended, because of two procedural irregularities: (1) Defendants did not provide him with a copy of the Plan rules; and (2) LINA denied his claim even though it was not delegated or granted the legal authority to act on behalf of the Plan administrator, HP Caribe. Further, Plaintiff contended, the court erred by determining the Plan's voluntary appearance was valid. The Plan, Plaintiff asserted, was actually in default because no one had appeared on its behalf.

Three days later, on February 26, we ordered Plaintiff to include the Plan in his caption because without this his brief was not in compliance with Fed. R. App. P. 32(a)(2)(C).[4] On February 28, Plaintiff moved for relief from this order, arguing the Plan's voluntary appearance was invalid. LINA opposed this motion. On March 11, before we could rule on the motion, Plaintiff re-filed his brief, naming "Hewlett Packard Caribe BV Insurance Program" in the caption. The next day, on March 12, we ordered Plaintiff to file an appendix by March 26 or face dismissal for lack of prosecution. Two days later, on March 14, we officially denied Plaintiff's motion for relief, which we construed as a motion to

---

[4] Rule 32(a)(2)(C) requires the front cover of a brief to contain the correct title of the case.

amend the caption.  After receiving an extension of time, Plaintiff filed an appendix on April 2.  He never re-amended his caption.

In mid-April, LINA and HP Caribe moved to dismiss the appeal, arguing Plaintiff failed to include required documents in his appendix and the documents he included pertained only to the February 10 order.  In the alternative, LINA requested time to respond to any amended appendix Plaintiff might file to correct his first appendix's flaws.  Plaintiff, however, did not amend his appendix.  Rather, he insisted he had "complied with the rules of the procedure" because he had provided us with sufficient documentation "to reach a reasoned determination on the merit of the appeal."  In reply, LINA maintained the appendix was still utterly lacking in material relevant to the denial of benefits. Finally, on May 14, we issued the following order:

> Defendants-appellees' motions to dismiss the appeal are denied without prejudice to reconsideration by the panel which decides this appeal.  We do not now decide whether or not the appendix is adequate, but merely note that plaintiff-appellant bears a risk if the appendix does not provide the documents needed to decide the appeal, particularly here where, in response to appellees' objections, appellant has not offered to file a new appendix.

The parties subsequently completed their briefing, with HP Caribe and LINA filing separate briefs and the Plan joining LINA's brief.

Defendants first renew their argument that we should dismiss Plaintiff's appeal on procedural grounds. We agree. Under our case law, minor infringements of procedural rules "typically will not warrant Draconian consequences" so long as they "neither create unfairness to one's adversary nor impair the court's ability to comprehend and scrutinize a party's papers." Rodríguez-Machado v. Shinseki, 700 F.3d 48, 50 (1st Cir. 2012) (internal marks omitted) (quoting Reyes-Garcia v. Rodriguez & Del Valle, Inc., 82 F.3d 11, 15 (1st Cir. 1996)). Knowing and persistent procedural breaches, however, call for more severe decrees, especially when they "cripple any attempt to review the issues intelligently." Id. (internal marks omitted) (quoting Reyes-Garcia, 82 F.3d at 15); see also Reyes-Garcia, 82 F.3d at 15 ("[A] party's persistent noncompliance with appellate rules, in and of itself, constitutes sufficient cause to dismiss its appeal."). Plaintiff's submissions here, from start to finish, are rife with procedural errors, confusion, and contradiction, most of which he has refused to correct even when given an opportunity (or an order) to do so.

To begin with, Plaintiff did not appeal from a valid order. Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Plaintiff's notice of appeal, however, indicated he was appealing the district court's "Order and

Final judgment entered on November 5, 2012." No such order existed, nor could it have existed as Plaintiff's notice of appeal was filed on November 2. True, Plaintiff likely meant to appeal from the district court's order and judgment entered on October 5; Plaintiff, however, has never directly moved to correct the mistake, despite ample notice and opportunity.

Again, refusing to correct a flaw is a recurring trend for Plaintiff. Plaintiff's various errors have been pointed out to him--by us and by Defendants--and he has either failed to fix them or haphazardly attempted to do so. For example, as noted above, we ordered Plaintiff to include the Plan in his caption per Fed. R. App. P. 32(a)(2)(C). The caption on Plaintiff's brief, we stated, did not match the caption used by us because it did not include **_Defendant-appellee HEWLETT PACKARD CARIBE BV INSURANCE PLAN._** (emphasis in original). Rather than immediately comply with this straightforward order, he moved to avoid having to obey it. He then added the following name to the cover of his brief: "Hewlett Packard Caribe BV Insurance Program." (underline added). Thus, Plaintiff did not do what we asked--on an exceedingly simple task--and he made no subsequent effort to fix the mistake.

To give another example, we also ordered Plaintiff to file an appendix or face dismissal. Even though he received extended time to comply, the appendix Plaintiff eventually filed was incomplete. Under Fed. R. App. P. 30(a)(1), an appellant

must prepare and file an appendix to the briefs containing: (A) the relevant docket entries in the proceeding below; (B) the relevant portions of the pleadings, charge, findings, or opinion; (C) the judgment, order, or decision in question; and (D) other parts of the record to which the parties wish to direct the court's attention.

Similarly, Local Rule 30(c) requires an appendix to "include any relevant portions of the pleadings, transcripts, exhibits, or other parts of the record referred to in the briefs as may be necessary to understand the issues on appeal and to preserve context." Here, Plaintiff omitted at least one required item in the appendix--the magistrate's recommendation. This recommendation is both highly relevant and part of the "judgment, order, or decision in question." Fed. R. App. P. 30(a)(1)(C); cf. Local Rule 28(a)(1) (requiring "a recommended decision by a magistrate judge" to be included in appellant's brief as part of the "judgments, decisions, rulings, or orders appealed from"). Admittedly, the recommendation can be found rather easily by looking on the district court docket. This, however, does not change the fact that Plaintiff failed to comply with Rule 30, even though we explicitly ordered him to do so and gave him plenty of extra time to obey that order.

Defendants also point out--and Plaintiff openly admits-- that only one document in the entire appendix actually concerns the order and judgment entered by the district court on October 5. This ties in to the next procedural snafu, which is probably the most significant. A party's submissions to us often include

material concerning past orders from a district court, as a notice of appeal stating a "final judgment" is being appealed encompasses all previous interlocutory orders.  See Martínez-Serrano v. Quality Health Servs. of P.R., 568 F.3d 278, 283 (1st Cir. 2009).  Here, Plaintiff explicitly appealed a "Final judgment," and he also stated in his brief that his appeal included "the Court's [February 10] decision denying entry of default against the Plan."  So far, so good.  In LINA's motion to dismiss the appeal, however, it contended Plaintiff was arguing issues not on appeal by contesting the February 10 order.  In response, Plaintiff seemingly accepted this characterization, disavowed any intent to appeal earlier orders in this case, and urged us to accept the disavowal:

> As indicated by LINA, the only Order and Opinion appealed is the District Court 's [sic] Order and Opinion of October 5, 2012 and the final Judgment of the case.  For that reason, [Plaintiff] requests this Honorable Appellate Court to only consider the Opinion and Order of February 10, 2012 . . . as a supporting document and as part of the record referred to in the Brief, necessary to understand the issues on appeal in this case.

(emphasis added).

This situation can be read in multiple ways, none of which is favorable to Plaintiff.  For example, we could easily hold the above response is a controlling concession by Plaintiff.  And this concession would mean Plaintiff has persistently argued issues here that are not on appeal at all.  True, Plaintiff asserts he is just pointing out "procedural irregularities" leading to a less

-11-

deferential standard of review. These alleged irregularities, however, were all definitively addressed by the district court in the February 10 order, which Plaintiff (under this view) concedes he is not appealing. The case would therefore be closed on those issues; yet, the vast majority of Plaintiff's submissions here concern them. Even if we did not view the above response as a definitively controlling concession--perhaps, for instance, due to the presence of the phrase "final Judgment"—-we are still stuck with an intractable problem because Plaintiff has made utterly convoluted statements on the fundamental question of what is or is not on appeal. This greatly frustrates our review.[5]

We could detail more errors and missteps. For instance, as alluded to above, not only did Plaintiff violate Fed. R. App. P. 30 by not including the magistrate's recommendation in his appendix, but he also violated Local Rule 28 by not including it in the addendum to his brief. But we need not belabor the point. In conclusion, we emphasize that several of the above errors, taken individually, could be overlooked. Viewed together, however, they indicate an apparently cavalier disregard of court orders and procedural rules, and they create an incoherent record that "hamstring[s]" our ability to review the issues intelligently.

---

[5] To be clear, while this situation best exemplifies the incomprehensibility of Plaintiff's submissions to us, it is by no means the only example. Rather, Plaintiff's materials here are chock full of incoherency and unintelligibility. We can make neither heads nor tails of many of Plaintiff's assertions.

Reyes-Garcia, 82 F.3d at 15; see also Rodríguez-Machado, 700 F.3d at 50. This invites dismissal on purely procedural grounds.

Plaintiff would likely fare no better on the merits. As we warned, Plaintiff bore the risk of not providing us with the information necessary to decide this appeal. Yet, Plaintiff's appellate brief and appendix ironically focus almost entirely on matters of process, persisting in arguing over the standard of review and who the proper defendant is even though the Plan and its insurer acknowledge responsibility for paying any benefits that might be due. Plaintiff has submitted no medical evidence to us, nor does he argue the merits of his benefits denial. Thus, even if we ignored plaintiff's procedural defalcations, we would almost certainly arrive at the same result, finding no adequately persuasive basis for concluding Plaintiff was disabled within the meaning of the Plan. Furthermore, Plaintiff makes no arguments concerning his complaint's language. This dooms his claim against HP Caribe, which the district court dismissed under Rule 12(b)(6).

Accordingly, we DISMISS Plaintiff's appeal.