Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 17-2076

GALILEO MONDOL; ALISON HINES; MARK MONDOL,

Plaintiffs, Appellants,

v.

CITY OF SOMERVILE; JOSEPH CURTATONE; ANTHONY PIERANTOZZI;
GEORGE SCARPELLI,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Allison D. Burroughs, U.S. District Judge]

Before

Thompson, Selya, and Kayatta,
Circuit Judges.

Selena Fitanides, with whom Christopher Maffucci and Casner & Edwards, LLP were on brief, for appellants.
Leonard H. Kesten, with whom Deidre Brennan Regan, Michael Stefanilo, Jr., and Brody, Hardoon, Perkins & Kesten, LLP were on brief, for appellees.

August 20, 2018

THOMPSON, **Circuit Judge**. As part of the aftermath of an incident at a Somerville High School summer soccer camp (including sexual assaults perpetrated against three freshmen soccer players), Plaintiff Galileo Mondol ("Mondol") and his parents (together, "Appellants") sued the City of Somerville, the head soccer coach, the superintendent of Somerville's public schools, and the Mayor of Somerville (who was also the assistant soccer coach) ("Appellees" or "Defendants") after the Berkshire County D.A.'s office dropped criminal charges and allegations of juvenile malfeasance against Mondol for his role in the incident. Appellants claimed Appellees conspired to violate--and did violate--Mondol's Fourteenth Amendment due process rights by intentionally interfering with the police investigation and making false statements to the police and public in order to influence the investigation and adjudication of the criminal claims (count I). Appellants also claimed the three individually-named Defendants' actions violated the Massachusetts Civil Rights Act (count II), and that they conspired to commit--and did commit-- the tortious acts of defamation and intentional infliction of emotional distress (counts III-V). The parties are familiar with the sequence of events that brought them to court, so we need not recount the details here. The district court granted summary judgment in favor of Appellees on all five claims, and Appellants

ask us to reverse the district court judge's decision and vacate the summary judgment.

We review grants of summary judgment de novo. Garcia-Garcia v. Costco Wholesale Corp., 878 F.3d 411, 417 (1st Cir. 2017). After carefully studying the record and the arguments Appellants make on appeal, we find no basis to reverse. In that regard, we have often stated that when "a trial court accurately takes the measure of a case, persuasively explains its reasoning, and reaches a correct result, it serves no useful purpose for a reviewing court to write at length in placing its seal of approval on the decision below." Moses v. Mele, 711 F.3d 213, 216 (1st Cir. 2013) (collecting cases). We substantially agree with the district court's reasoning and conclusions in its Memorandum & Order granting summary judgment, and so we will be brief with our discussion of Appellants' arguments. To cut to the chase, we affirm the entry of summary judgment in favor of Appellees for the reasons described by the district court, adding a few brief comments in response to Appellants' arguments before us.

*First.* Appellants repeatedly assert throughout their brief that the district court misunderstood their claims, disregarded evidence, and failed to draw inferences in their favor regarding Appellees' alleged conspiracy to cover up their responsibility for the soccer camp incident. Appellants base these assertions on their conclusions that Appellees continued to

- 3 -

investigate the incident after the police instructed them not to and used psychologically coercive discourse to suggest to the freshmen soccer players that Mondol was a perpetrator of the sexual assaults. Appellants claim that if the district court had been willing to draw reasonable inferences in their favor (as it was obligated to do in this procedural posture), it would have inferred that, during Appellees' multiple meetings in the days following the first disclosure of the incident, they agreed to frame Mondol to distract from their alleged failure to supervise the students at the camp properly. Based on the evidence on record at summary judgment, however, this inference would be speculative, not reasonable. The district court declined to speculate such a nefarious purpose from the evidence on the summary judgment record, and we do too.

In fact, to make the leap from the evidence in the record to the conclusion that genuine issues of material fact exist regarding the elements of the claims Appellants assert against Appellees would require us to create a pyramid of inferences, which we won't do. "Assumptions are not a substitute for evidence. In this instance, [Appellants'] assertion[s] pile[] inference upon inference until the entire pyramid topples of its own weight." Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 398 (1st Cir. 2012). We especially do not "pyramid[] speculative inference upon

- 4 -

speculative inference." Jane Doe No. 1 v. Backpage.com, LLC, 817 F.3d 12, 25 (1st Cir. 2016).

To be sure, Appellants make a plausible assumption that the purpose of Appellees' multiple meetings in the days following the disclosure of the sexual assaults was, in part, to minimize the public relations damage to Somerville's soccer team, high school, and public officials. But without pointing to specific, disputed material facts in the record--as is their burden-- Appellants' assumption that the P.R. strategy included framing Mondol as a perpetrator in order to shield themselves from scrutiny for the role their alleged lack of supervision played in the occurrence of the sexual assaults "impermissibly elevates assumption over proof." Gomez, 670 F.3d at 398. Simply because an assumption is possible does not make it reasonable.

For example, Appellants point to evidence that Defendants continued to gather information from the soccer players after the police instructed them not to further investigate the incident to show they intended to frame Mondol and influence the soccer players to point their fingers at Mondol. But even if the coaches did in fact gather information from their players in a team meeting, this fact, without more, doesn't lead to a reasonable inference that they were intending to interfere with the police investigation or were acting on an agreement to frame Mondol. Such an inference requires speculation.

Appellants also point us to deposition testimony from some of the alleged subordinate co-conspirators[1] (members of the Mayor's staff, assistant coaches), but this testimony only demonstrates that these subordinates were involved in the meetings and conversations in the days following the soccer camp. Appellants would like us to speculate that the subordinates' involvement shows deliberate actions in furtherance of the conspiracy to cover-up the named Defendants' master plan to distract from their own alleged negligence, but, as we've already explained, we need to be able to draw reasonable inferences, not speculative ones.

Appellants also argue the district court ignored evidence of Appellees' actions before the soccer camp and in the weeks and months after the camp from which it could have drawn reasonable inferences that Appellees were engaged in a conspiracy. At least two of the exhibits to which Appellants point, however, are to documents written and distributed before the soccer camp (a letter about the summer soccer camp to parents from the head coach

---

[1] Appellants argue the district judge erred by disregarding the evidence in the record of Defendants' subordinates' actions evidencing the conspiracy and that the subordinates' actions should have been imputed to the named Defendants. But Appellants don't make any arguments about imputing the actions of these subordinates to Defendants in their opposition to Appellees' motion for summary judgment, so this argument is arguably waived. But we include it to further illustrate our point about speculative inferences.

and meeting notes or an agenda from a coaches meeting that took place almost a year prior to the summer soccer camp), so we would have to infer that Appellees formed the conspiracy prior to the summer soccer camp and prior to the incident. This is beyond speculative and borders on the preposterous.

*Second.* Appellants are right when they say it would have been "enough for [them] to establish that the defendants and their agents agreed to interfere with the criminal investigation with the improper purpose of covering up their own responsibility for the incident, [and] that they knowingly framed and publicly vilified [Mondol] in so doing." But while Appellants claim there are "ample facts" in the record to establish these propositions, they don't point them out to us. And they needed to. A colorful image we have borrowed in the past from the Seventh Circuit is apt in this context: we aren't pigs in search of truffles, United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam), and "we will not become archeologists, devoting scarce judge-time to dig through the record in the hopes of finding something [Appellants] should have found." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 22 (1st Cir. 2016) (citing Rodríguez–Machado v. Shinseki, 700 F.3d 48, 50 (1st Cir. 2012) (per curiam)). We won't dig into a thousand-plus pages of deposition excerpts and exhibits to determine whether there are material, disputed facts to be resolved by a jury. Appellants needed to point us directly to

- 7 -

them.  As the district judge wrote about the intentional infliction of emotional distress claim:  "Had [Appellants] produced evidence from which a rational juror could conclude that Defendants framed [Mondol], deliberately lied to law enforcement, or intentionally influenced witnesses to do so, this claim could have survived summary judgment."  Because Appellants don't specifically point us to evidence from which a rational jury could conclude Defendants conspired in the ways alleged by Appellants, there is nothing more to consider on the specifics of each claim.

*Third.*  Appellants broadly assert the district court mischaracterized evidence on the record but only provide one example to support their contention.  It goes as follows:  The district court found that Defendants had told witnesses and police that Mondol had been present in the cabin at the time of the incident, but did not find that they had said anything else about his involvement.  According to Appellants, this is wrong because testimony from a variety of witnesses creates a dispute of material fact as to whether the soccer coach did more than that, by making "specific and prejudicial comments about [Mondol's] supposed participation" in the sexual assaults on the three freshmen.  The only place in the record to which Appellants directly point as support for their argument is deposition testimony from one of the soccer team's co-captains.  He testified at his deposition that during one of the first team meetings after the incident came to

light, the head coach cried in front of his co-captains.  The co-captain testified he had inferred from the head coach's mood at the end of the meeting that the coach was upset with the players who had been a part of the incident and felt in some way responsible for the incident, as had all of the players.  But a soccer player's inference drawn from his coach's body language does not lead to a reasonable inference regarding the coach's intent to form a conspiracy to frame Mondol.

As we have said before, "[t]he summary judgment stage is the put up or shut up moment in litigation." Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 316 (1st Cir. 2016) (quoting Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 226 (1st Cir. 2013)).  Appellants have not done so.  While we have not mentioned all of Appellants' arguments, we have carefully considered each of them.  We acknowledge that what Mondol experienced in the aftermath of the incident was likely life-altering, but, for the reasons discussed above, and given the district court's thorough and accurate resolution of all of Appellants' claims on Appellees' motion for summary judgment, we let the judgment in favor of Appellees stand.

*Affirmed.*

Costs to Appellees.