**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 21-1415

SARA VITLLOCH ROQUE,

Plaintiff, Appellant,

v.

METROHEALTH, INC. d/b/a HOSPITAL METROPOLITANO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Gelpí, Thompson, and Montecalvo,
Circuit Judges.

Jorge L. Marchand Heredia for appellant.
Lloyd Isgut-Rivera, with whom Nannette Rodríguez Rodríguez
and Pizarro & González were on brief, for appellee.

June 7, 2023

**THOMPSON, Circuit Judge.** We write this nonpublished opinion just for the parties (their names appear in the caption, as one would expect). They know the facts, procedural history, and appellate issues. So we share only what is needed to explain why we must affirm the district judge's grant of summary judgment against Plaintiff — after reviewing the decision *de novo*, confirming that the record (read in the light most agreeable to Plaintiff) reveals no genuine dispute of material fact and reflects Defendant's right to judgment as a matter of law. See, e.g., Lang v. Wal-Mart Stores E., L.P., 813 F.3d 447, 454 (1st Cir. 2016).

## I

The short version of a longer story is this (we will mention more details later in discussing Plaintiff's specific claims).

## A

Plaintiff worked as an information management clerk in an information management department at a hospital run by Defendant. She had to handle lots of paper records. Because of the devastation wrought by Hurricane María — which struck Puerto Rico in September 2017 — medical records got wet. And that caused them to become moldy.

In October 2017 — when she was over 40 years old — Plaintiff gave Defendant a medical certificate from her doctor explaining that because of "a respiratory condition" she "should

not be exposed to vapors, odors, smoke and/or areas of high humidity" and "must have a reasonable accommodation." Over the next several weeks in October and November 2017, Defendant did some things of note:

- Defendant had Plaintiff's doctor complete a form to help assess her request, as part of "the interactive process of a reasonable accommodation" — on it, the doctor wrote that "[s]he must avoid smoke, vapors, reluctant odors, humid areas which can unleash the worsening of her pulmonary condition."

- Defendant then informed Plaintiff by letter that because of the problems caused by the hurricane, it could not "comply with" her physician's "specifications" — "the medical records are not exempt from humidity," Defendant added, and her "tasks inevitably impl[ied] contact[] with humidity."

- Defendant's letter also told Plaintiff that she was placed on unpaid leave for three months, though she could return sooner if her health changed.

Also in November 2017, Plaintiff for her part filed administrative charges with federal and commonwealth employment agencies, basically alleging that Defendant unlawfully suspended her because of her disability and age.

We skip ahead to February 2018, when Plaintiff showed up for work again.[1]  Defendant said that she needed a medical certificate from her doctor before she could return.  She got that certificate four days later.  The certificate stated that she "could perform her work in a reasonably clean environment, free of smoke and of vapors, all according to the normal Federal and/or state laws."  She gave the certificate to Defendant.  And according to her deposition testimony, she "went straight to work that day" or the next.

**B**

Unhappy with Defendant's actions, Plaintiff filed the lawsuit now before us.  She alleged various claims, none of which survived summary judgment below (as we said above).  The only claims relevant here are those charging disability discrimination under the federal Americans with Disabilities Act ("ADA"), age discrimination under the federal Age Discrimination and Employment

---

[1] The parties spar over whether Plaintiff is correct in saying that Defendant agreed to reinstate her following discussions at a January 2018 administrative hearing.  But because their dispute does not matter to the result in this appeal anyway, we need not resolve it.

- 4 -

Act ("ADEA"), and unlawful retaliation under the commonwealth Law 115.[2]

## II

Time for our take on the situation (and because we believe Plaintiff's arguments lack a supportable basis in law or fact, we respond somewhat summarily — without a full-blown explication of the accepted legal principles in this area, which already fill many pages of the federal reporter series).

## A

Plaintiff insists that Defendant failed to reasonably accommodate her disability, as required by the ADA. Put aside that a leave of absence — even an unpaid one — may be a reasonable accommodation in some scenarios. See García-Ayala v. Lederle Parenterals, Inc., 212 F.3d 638, 647 (1st Cir. 2000). Put aside as well that an employer need not give an employee her preferred accommodation. See Ansonia Bd. of Educ. v. Philbrook, 479 U.S. 60, 68 (1986); Feliciano v. Rhode Island, 160 F.3d 780, 787 (1st Cir. 1998). Instead focus on how Plaintiff — *not* Defendant (as

---

[2] Plaintiff also briefs an unjust-dismissal claim under the commonwealth Law 80, "Puerto Rico's Unjust Discharge Act." See Zampierollo-Rheinfeldt v. Ingersoll-Rand de P.R., Inc., 999 F.3d 37, 59 (1st Cir. 2021). But her complaint did not allege a Law 80 claim, though her summary-judgment opposition tried to. And because a plaintiff is "not entitled to raise new and unadvertised theories of liability for the first time in opposition to a motion for summary judgment," see Calvi v. Knox County, 470 F.3d 422, 431 (1st Cir. 2006), we have nothing more to say about Law 80.

she suggests) — had to show that a reasonable accommodation existed that would let her do her job within her restrictions, which again (according to her doctor) were that she "avoid smoke, vapors, reluctant odors, humid areas which can unleash the worsening of her pulmonary condition." See, e.g., Echevarría v. AstraZeneca Pharm. LP, 856 F.3d 119, 127-28 (1st Cir. 2017); Phelps v. Optima Health, Inc., 251 F.3d 21, 26 (1st Cir. 2001). A big problem for her is that she identified *no* accommodation that fit the bill (Defendant made this point in its brief, and Plaintiff did not even file a reply brief trying to rebut the point) — an omission that dashes her reversal hopes for this claim. See, e.g., Jones v. Walgreen Co., 679 F.3d 9, 19 n.6 (1st Cir. 2012).

Plaintiff implies that if only Defendant had engaged with her in the "interactive process" that federal disability law "sometimes" requires, see Lang, 813 F.3d at 456 (quotation marks omitted), the two could have explored options other than unpaid leave — which (she continues) Defendant imposed "unilaterally" by letter, "without having any discussion" (thus depriving her of an interactive process). She fails to appreciate that the interactive process (when required) is an "informal," "flexible" one, intended to "identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations," see Freadman v. Metro. Prop. & Cas. Ins. Co., 484 F.3d 91, 104 (1st Cir. 2007) (quotation marks omitted) — with the

- 6 -

"degree of interaction" differing "accord[ing] to the circumstances of each case," see Enica v. Principi, 544 F.3d 328, 339 (1st Cir. 2008). And not only does she fail to offer a convincing reason why Defendant's actions were *not* sufficient under the case-specific circumstances. See Franchina v. City of Providence, 881 F.3d 32, 51 n.15 (1st Cir. 2018) (deeming waived an argument "made in conclusory terms," with no "persuasive reasoning"). But she ignores that "[w]here, as here, the employee fails to satisfy her burden of showing that a reasonable accommodation existed, [she] cannot maintain a claim for failure to engage in an interactive process." See Echevarría, 856 F.3d at 133.[3]

## B

Plaintiff's ADEA claim fares no better. Her theory is that Defendant treated her (a person within the ADEA's protected age group) adversely while treating a "younger employee" or "younger employees" "more favorably" or "better and preferably." But her brief does not identify the employee or employees, let alone explain whether he, she, or they was or were similarly

---

[3] To the extent Plaintiff's brief could be read as suggesting a hostile-work-environment theory under the ADA, we consider it waived for lack of development. See, e.g., Rodríguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). The parties also debate whether the leave was really a "termination" and so constituted an "adverse employment action" under the statute. But given how we have decided her ADA claim, we have no need to weigh in.

- 7 -

situated to her, see Alvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co., 152 F.3d 17, 24 (1st Cir. 1998) (discussing how an ADEA plaintiff must show that her comparator was "similarly situated in all relevant respects") — a defect (highlighted by Defendant but left unchallenged by Plaintiff, because she filed no reply brief) that makes her ADEA claim a nonstarter, see generally Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory, 689 F.3d 29, 52 (1st Cir. 2012) (stating our oft-repeated "admonish[ment]" that "it is not the job of this court to do [appellant's] work for [her]" (quotation marks omitted, and first and third alterations added)).[4]

---

[4] Plaintiff's summary-judgment opposition named "Karelys Hernández" as the "much younger" employee who got to move her work area. But Plaintiff's counsel candidly admitted at oral argument that Hernández was *not* a similarly situated employee, which makes sense: Plaintiff and Hernández had different jobs and duties, and their accommodation requests were also different (Hernández requested and received an accommodation that let her move her office from the second to the first floor, because her doctor wanted her to avoid the stairs during her pregnancy). Plaintiff also suggests that Defendant subjected her to a hostile work environment because of her age. Such a claim is "factually complicated and legally intricate." See Rodríguez-Machado v. Shinseki, 700 F.3d 48, 49 (1st Cir. 2012) (per curiam) (explaining that the law "distinguish[es] between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment" (quotation marks omitted)). But she "provides neither the necessary caselaw nor reasoned analysis to show" that her suggestion is correct. See Rodríguez, 659 F.3d at 176. So we consider her suggestion waived. See id.

## C

That leaves Plaintiff's claim based on Law 115, which is "Puerto Rico's general anti-retaliation statute." See Rodríguez-Cardi v. MMM Holdings, Inc., 936 F.3d 40, 45 (1st Cir. 2019). According to Plaintiff, Defendant retaliated against her for administratively filing discrimination charges by "unjustifiably delay[ing] her reinstatement by 4 days," and then "not assign[ing] her any duties to do" when she returned and telling her supervisor to "mistreat her." Again, this area of the law is "complex" (to say the least). See Rodríguez-Machado, 700 F.3d at 49. And again, her briefing is unhelpful. On the unjustifiably-delaying-her-reinstatement front, Plaintiff leaves uncontested Defendant's justification that she herself caused the delay by not having a doctor's certificate (clearing her to resume work) at the ready (remember she filed no reply brief). And on the not-assigning-her-duties and mistreating-her fronts, Plaintiff neither compares her workload before and after reinstatement, nor explains what her mistreatment involved (despite the fact that the district judge flagged those problems in his summary-judgment decision). So again, "[w]hat she has done is not the type of serious effort that allows us to decide difficult questions." See id. Which means her reversal bid on this claim fails too.

## III

We affirm, awarding Defendant its costs on appeal.